No. 23.—BENJAMIN F. COLEMAN, plaintiff in error, *vs.* WILLIAMSON M. FREEMAN and EDWARD BARNARD, defendants in error.

[1.] Where a statute creates a specific lien, in favour of masons and carpenters, on buildings erected by them, and also gives them a *specific remedy* for the enforcement of such lien, a court of equity has no jurisdiction to enforce it, unless there be some impediment or difficulty charged to exist, which would render the remedy given by the statute unavailable.

In Equity. Bill and demurrer. Tried before Judge ALEXANDER, in Muscogee Superior Court. May Term, 1847.

This was a bill in equity, brought by the plaintiff in error, against the defendants in error, in Muscogee Superior Court, returnable to May Term, 1847.

The complainant alleges by his bill, that in 1846, at the instance and request of said Williamson M. Freeman, the complainant, as a mason, entered into a contract with said Freeman, for the laying of brick in the construction of a house, and also for plastering, and furnishing materials for finishing and completing the same. That afterwards, in pursuance of the said contract, the said Freeman being in possession of the premises upon which said work was to be done and performed, the said lot being in the city of Columbus, and distinguished in the plan of said city as lot number 195, on Broad Street; the complainant did perform the work on said

premises, as a mason, in constructing said house, and in fur-
nishing materials for finishing the same, to the value of over one
thousand dollars; a bill of particulars of the work done, and
materials furnished, is appended to the bill, with prayer of refer-
ence to the same. That, after the completion of the work speci-
fied, and the furnishing of materials as aforesaid, he entered,
and caused to be recorded, in the clerk's office of the Superior
Court of the said county of Muscogee, his said claims thereon, in
terms of the statute in such cases made and provided; to which
claim so recorded, he prays leave of reference as often as ne-
cessary.

That after the completion of said work, and furnishing materials
as aforesaid, the defendant Freeman, being still possessed of said
premises, sold and transferred the possession of said premises to
Edward Barnard the other defendant in error, who entered there-
on, and is now in the occupation of the same. And that the said
Barnard, at the time of, and before he purchased said premises as
aforesaid, had notice of the complainant's claim, and knew that
the same was due and unpaid, and also that the same had been
recorded in proper time, in the proper office, according to the
provisions of law; and having such notice as aforesaid, of said
facts, the said Barnard required and caused the said Freeman to
give him an indemnity against the said claim of the complainant,
and that said Barnard is now in possession, after the said indemnity
so given, or has reduced the same to cash or its equivalent.
That the said Freeman is entirely insolvent, and complainant can
only secure the demand due to him as aforesaid, by having his said
lien enforced by the sale of said premises.

The bill then prays, that the defendants may account with the
complainant, and that said premises may be sold for the purpose
of satisfying the said complainant's claim and enforcing his lien on
the same, and for further relief, &c.

At the return term of this bill, the defendants, by their counsel,
filed a general demurrer, alleging that, from all that appeared
from the said bill, the complainant had an ample, complete and
adequate remedy in a court of law, and for that cause should not
be further entertained; and for further cause alleges, that the bill
of complaint set forth no lien, there being no exhibit of the
same in or to the said bill.

At the said term, Judge Alexander presiding, the bill and de-
murrer came on to be argued and determined; whereupon, after

argument, the Court below sustained the demurrer and dismissed the bill, and the complainant by his counsel excepted, and assigns the said decision for error.

JOHNSON & WILLIAMS, for plaintiff in error.

This is a bill filed by plaintiff. It alleges that the plaintiff is a master mason of Muscogee; that, as such, he made a contract to do certain work for Freeman, which he performed; that he duly entered his lien under the statute; that there is a certain amount due; that, after the work was performed, Barnard took from Freeman the premises, with notice of the lien, and also took indemnity from Freeman; that Freeman moved to Upson, and is insolvent.

The defendant demurred to the bill; the Court sustained the demurrer; the plaintiff excepted and assigns the same for error.

The Court has jurisdiction to enforce the lien. *A. K. Marshall,* 535; 1 *Vesey,* 416; 1 *Stewart,* 566.

The remedy at law is doubtful and difficult. *Hotchk.* 1 *Com. L. R.* 362; 2 *Stewart,* 420.; 1 *Ves.* 416; 16 *Wendell,* 465.

Barnard is a trustee. *See Story.* The legislature prescribed the right, and did not intend to restrict the remedy. *Hotchkiss.*

STURGIS, for the defendant in error.

*By the Court.*—WARNER, J., delivering the opinion.

The complainant seeks the assistance of a court of equity, to [1.] enforce a lien created in his favour as a mason, and to decree the sale of a house built by him in the city of Columbus, by virtue of his alleged lien created by the act of 1834. *Hotchk.* 623. This act creates a lien in favour of masons and carpenters who build or repair houses in the city of Columbus, where personal security is not taken, "*superior in dignity, and of higher claim, than any other incumbrance whatever,*" provided the requisitions of the act shall be complied with.

The act also affords the mason or carpenter having such lien, a *specific remedy* to enforce the same, by levy and sale of the premises.

There was a general demurrer to the complainant's bill in the Court below, on the ground, that he had an ample, adequate and

complete remedy at law. The Court below sustained the demurrer and dismissed the bill; whereupon the complainant excepted, and now assigns the same for error in this Court.

The complainant sets up a lien created by the act of 1834 in his favour; that act also gives him a *specific remedy*; no reason is alleged in his bill, why the specific remedy prescribed by the act for the enforcement of his lien, is not adequate and complete; and surely this Court cannot anticipate any obstacle or legal barrier, or difficulty, which may lie in his way, when he has not thought proper to state any. This case comes fully within the principle of the case of *McGough & Crews*, vs. *The Insurance Bank of Columbus and McDougald*, 2 *Kelly R.* 154. In that case the complainants had sued out a summons of garnishment under the statute, and then filed their bill on the equity side of the court, to which there was a demurrer for want of equity. We sustained the demurrer, on the ground that the complainant did not show by his bill any reason why he had not an *adequate remedy* by his common law process of garnishment.

If the complainant in this case had stated any ground of equitable interference, such as that the remedy prescribed by the act could not be made available on account of any impediment which it would be the peculiar province of a court of equity to remove, or have shown that its assistance was indispensably necessary to enable him to enforce his common law remedy, then he might have been entitled to its aid; but nothing of the kind is alleged: therefore let the judgment of the Court below, sustaining the demurrer, be affirmed.

Judgment affirmed.