THE FARMERS LOAN & TRUST COMPANY *v.* CANDLER *et al.*    92  249
                                                        s96  49

1. A verdict finding and declaring a lien upon a part of a railroad is
   void, and is not amendable at a term of the court subsequent to
   that at which it was rendered, so as to make it assert a lien upon
   the whole of the railroad.  The verdict not being amendable, a
   judgment conforming thereto is not amendable.
2. It creates no equity in favor of a railroad contractor as against the
   lien of a mortgage upon the railroad, duly recorded and foreclosed,
   that the contractor, in performing his contract of building the road,
   supplied all the materials which went to make up its real value,
   and that the debt owing to him and embraced in a general judg-
   ment against the company, junior to the mortgage, arose from the
   supplying of said materials and the performance of said work.
   June 26, 1893.

Motion to award money.   Before Judge GOBER.
Hall superior court.   July term, 1892.

After the rendition of the decision in 87 *Ga.* 241,
Candler filed a motion to amend his verdict and judg-
ment of foreclosure of lien, so as to embrace the whole
instead of a part of the railroad.   This motion was
granted by a judge *pro hac vice*, appointed by the clerk
to preside in place of the judge of the circuit, who was
disqualified.   Candler also filed a supplemental petition
or claim, setting up additional reasons why the fund in
court should be awarded to him.   To this the Farmers

Loan and Trust Company demurred, on the grounds that it set forth no sufficient cause why the money should be awarded to Candler, and that, the case having been once tried and the questions of fact either agreed upon or submitted to and passed on by a jury, it was too late to set up new grounds for relief; and moved that the court enter a decree awarding the money to movant on its mortgage which had been foreclosed, on the ground that it was superior to Candler's judgment. This demurrer and motion were overruled by the presiding judge, and the movant excepted. At the same time the judge made the following ruling touching the amendment of Candler's verdict and judgment: "Under the ruling in 87 *Ga.* 241, there is no special lien. The motion to amend the verdict was not served upon the defendant to said verdict; it was not served on the Farmers Loan and Trust Co. Neither is bound by it. As an original proposition upon the facts, I do not think it can be amended." To this ruling Candler excepted *pendente lite*, alleging that no notice of a motion to amend the verdict was required by law, that on the facts the verdict could be and was rightly amended, and that the money should be applied to his amended special lien.

Candler's supplemental claim sets up the following: On June 5, 1882, he entered into a contract with the authorities of the railroad company to build and construct its railroad to the Chestatee river for $68,938. He soon entered upon the execution of the contract, laying out large sums of money and doing a great deal of valuable work. The railroad company, finding itself unable from lack of money to carry out its part of the contract, afterwards agreed with him that his work should terminate at the Chattahoochee river, for which he should receive $16,348.03, which work he fully completed according to the contract on May 28, 1883, when

all of said sum became due to him.  The railroad company
paid him a portion, leaving a balance due of $3,540.03
with interest.   On June 23, 1883, as railroad contractor
and material man he filed and had recorded his claim of
lien on all of the railroad.   On January 29, 1884, he
commenced his proceeding to enforce his lien; a verdict
and judgment in his favor were rendered by consent at
the August term, 1884, finding the sum due him to be
$2,395.13 principal, and $195.60 interest, and finding
him to be entitled to his lien.   He waited for payment
until 1889, when he undertook to enforce collection.
The railroad with its franchise and all its property was
sold by order of the court, and the litigation which was
pending was transferred to the fund arising from the
sale, and in course of the proceedings various parties
were withdrawn until at the time of the trial the only
parties contesting for the fund were Candler and the
Farmers Loan & Trust Co.   Upon said trial the fund
was awarded, first to the payment of fees and expenses,
and of the balance $2,669.05 to Candler and $719.40 to
the Farmers Loan & Trust Co.; to which judgment that
company excepted, and the same was reversed by the
Supreme Court upon the sole ground that the verdict
and judgment purporting to set up and declare a lien in
favor of Candler as a railroad contractor and material
man was void because it attempted to set up and de-
clare said lien upon a part of the railroad instead of the
whole of it.   Then Candler moved to amend the verdict
and judgment in the foreclosure proceedings, by making
the same conform to the pleadings, that is to say : the
claim of lien as filed and recorded and as set out in the
declaration, was upon the whole of the railroad, and so
was the declaration, and the prayer was for the fore-
closure of the lien upon the whole road and its prop-
erty ; and by mistake, inadvertence or other cause, the
verdict and judgment as originally entered attempted to

set up and declare the lien upon a part of the railroad.
The motion was granted, reference being made to the
proceedings which are exhibited.  Candler avers, that
whatever doubt the court might entertain as to the
authority to amend the verdict, it is certain that the
verdict does find the fact that he was entitled to his
lien, and the judgment will be molded so as to give
effect to said finding according to law.   He further sub-
mits, that the railroad derived all its value from the
work which he did and the material which he furnished,
for which he has not been paid; that upon every prin-
ciple of equity, justice and right, the fund should be de-
creed to him in payment for the very property from the
sale of which the fund in court was derived; that he had
furnished and laid upon the road the iron and the spikes
and fastenings from the terminus of the road in Gaines-
ville to the Chattahoochee river, which iron and spikes
and other fastenings constituted the sole object of value,
without which the receiver would not have received any
of the fund in court; and that the Farmers Loan &
Trust Co. stood by and saw him perform the labor and
furnish the material in constructing the road without
any knowledge on his part that said company had any
mortgage on the road or its property, and yet it delayed
to enforce its claim, notwithstanding the failure to pay
the interest on the bonds, until the railroad and all its
property had gone into ruin and total worthlessness, ex-
cept the iron, spikes and fastenings which he had fur-
nished and put upon the same.   He therefore prays,
that the fund be awarded to him, that his lien as a rail-
road contractor and material man be declared superior
to all other claims to the fund, that he be allowed to
submit evidence to sustain the facts herein set forth (un-
less they be admitted), and for general relief.

H. H. PERRY, H. H. DEAN, M. L. SMITH and REID &
STEWART, for plaintiff in error.

S. C. DUNLAP, J. B. ESTES, R. H. BAKER, W. P. PRICE and W. A. CHARTERS, contra.

BLECKLEY, Chief Justice.

1. The verdict in favor of Candler against the railroad company, which declared a lien upon a part of the railroad, was held by this court in The Farmers Loan & Trust Co. v. Candler, 87 Ga. 241, to be void. If this decision was correct, and it must be taken to be so, the verdict was not amendable so as to make it assert a lien upon the whole of the railroad. The jury having expressly restricted the lien to a part of the railroad, the amendment made is absolutely repugnant to the verdict itself. If the verdict was not void but only needed an amendment to make it certain, the pleadings could be resorted to for that purpose. But there is as much certainty that the verdict limits the lien to a part of the railroad as there is that any verdict was rendered. The amendment does not change uncertainty to certainty but substitutes one certainty for another certainty. It is as impossible to doubt that the verdict as found by the jury did not declare a lien on the whole road, as it is to doubt that the amendment does declare such a lien. The judgment originally entered up conformed to the verdict, and as the verdict is not amendable neither is the judgment amendable, for the two must correspond as to the extent of the lien which the one finds and the other seeks to enforce.

2. The scheme of the code, §§1979, 1980, is to give to contractors for building railroads a lien for work done or materials furnished, on certain prescribed terms, and the mode of enforcing the lien is also prescribed. Ib. §1990. It seems to us plain that the object of the code would be frustrated and virtually defeated if a contractor who has secured a lien but failed to enforce it in the manner prescribed, can abandon that lien and fall back upon an alleged equitable lien involved in the very

same state of facts out of which his legal lien arose, and thereby postpone or defeat a mortgage upon the railroad duly recorded and forclosed, this mortgage being of older date than the general judgment which the contractor has obtained for the amount of his debt. We entertain no doubt that the law contemplates that a contractor to whom it gives a legal lien upon a railroad, and who has nothing to do in order to take the benefit of it but to enforce it in the way prescribed, shall have no other lien either in addition to it or as a substitute for it. He cannot cover his failure to comply with the statute as to the enforcement of the lien, by abandoning that lien and asserting another one. Nor can he assert his legal lien otherwise than in the mode prescribed. We need not rule, and do not, whether, if there were no statutory system of liens in behalf of railroad contractors, there would be any equity in favor of the contractor against the mortgage under the circumstances of this case, or not. But with that system and the relation to it which this contractor occupies, we deem it perfectly clear that he is restricted to his statutory lien and must enforce that or none at all. The judgment of the court below on the exceptions taken *pendente lite* is affirmed. On the main bill of exceptions, *judgment reversed.*