## LANGLEY *v.* SIMMONS.

1. Where a materialman seeks to foreclose his lien against real estate which has been improved with material furnished by him to a contractor for such purpose, he can not recover a general verdict and judgment against the owner of the land for the value of the material furnished.

(*a*) Where on the trial of such a case the jury returned a verdict "for the plaintiff against [the defendant real-estate owner] in the sum of [amount stated], and the same shall be a lien against the property described in the petition," such verdict is a general one against the owner, and is erroneous as against him. But a new trial will not be ordered if the plaintiff will, within thirty days from the filing of the remittitur in the court below, write off from the verdict and judgment the general finding against the owner of the premises, so as to make them special instead of general as against the owner; otherwise a new trial is ordered.

2. Where in such case the name of the contractor was omitted from the verdict, after the return of which the same jury (who had not left the box or dispersed) rendered a verdict by default in another case wherein a witness was sworn, and after this the plaintiff's attorney in the instant case discovered the omission of a finding therein against the contractor, and on motion the court instructed the jury to again retire to their room to render a verdict against the contractor, which they did, such practice, though irregular, will not require a new trial, where it appears that counsel for the complaining party was present when the jury were thus sent out, knew of what had transpired, and made no objection at the time.

JULY 13, 1915.

Lien foreclosure. Before Judge Ellis. Fulton superior court. February 14, 1914.

*Albert Kemper* and *J. W. Weaver,* for plaintiff in error.

*J. A. Hunt* and *Etheridge & Etheridge,* contra.

HILL, J. The verdict in this case was as follows: "We, the jury, find for the plaintiff, against W. H. Mitchell Co., and W. B. Langley, in the sum of three hundred fifty-four dollars and thirty-three cents, and the same shall be a lien against the property described in the petition." It is insisted that this is a general judgment against W. B. Langley, one of the defendants and the owner of the land on which the lien is sought to be foreclosed. A materialman can not recover a general judgment against the owner of the land for the material furnished, for the simple reason that he is no party to the contract for the purchase of the material. *Mauck* v. *Rosser,* 126 *Ga.* 268, 271 (55 S. E. 32). The owner is brought into the case and made a party for the purpose of foreclosing the lien on his property, where the plaintiff has complied with the statute regarding the record and foreclosure of his lien. There is no prayer in the petition for a general judgment against the defendant Langley, but the verdict is general in its terms, and is against W. B. Langley as well as the W. H. Mitchell Co., the contractor; and we hold that it is a general verdict against the contractor and the owner of the premises. And this being so, we think the verdict is erroneous as against the defendant W. B. Langley. But a new trial will not be ordered if the defendant in error will, within thirty days from the filing of the remittitur in the court below, write off from the verdict and judgment the general finding against W. B. Langley, leaving as to him only a verdict and judgment establishing a special lien against the premises; otherwise a new trial is ordered.

Error is assigned because the court, as it was alleged, directed the jury to return a verdict against W. H. Mitchell Co., one of the defendants, after the jury was discharged from the consideration of the case, and after another case had been tried and a verdict rendered by the same jury. After the jury had retired to their room in this case and returned a verdict, another case was tried before the same jury, and a default verdict was taken; and after the two previous verdicts had been published, the plaintiff's attorney discovered that there was no verdict rendered against W. H. Mitchell Co. Upon motion the court instructed the jury to retire again to their room and render a verdict as to W. H. Mitchell Co. It is insisted that the facts set out above rendered the verdict in this case void, and therefore that a new trial should

be granted. The trial judge certified that "the jury had not dispersed, but was still sitting in the box, a default verdict was rendered by it, and a witness sworn. Counsel was present when the jury was sent out, and made no objection. They knew the default verdict had been reached." The trial judge treated the case as still being with the jury, and instructed them with reference to amending the verdict, and they retired and brought in a verdict in accordance with his instructions. A court should not try two cases at the same time; or try part of a case, suspend, try another case, and then return to the first case and complete it, without the consent of parties or their counsel. When a case is begun, it should be completed before the jury in that case is called upon to render a verdict in another case. But, in view of the trial judge's certificate, we think the plaintiff in error waived whatever right of objection he might have had to the proceedings with respect to the jury. His counsel was present in court and made no objection; and he can not, after verdict, be heard to say that this action on the part of the court and jury will be cause for a new trial. He should have objected at the time; and not having done so, his complaint comes too late. *Eberhart* v. *State*, 47 *Ga.* 598 (5); *Shropshire* v. *Johnson*, 62 *Ga.* 359, 360.

*Judgment affirmed, on condition. All the Justices concur.*