### 6181.   HINKLE v. REID et al.

BROYLES, J. Where one seeks to establish and foreclose a lien on real estate, in a suit against the owner and a contractor, for work done in improvement of the property, and the petition as amended, when construed most strongly against the pleader, fails to allege that the lien was recorded within three months from the time of the personal work done by the plaintiff, which was alleged to have created the lien, the petition sets forth no cause of action against the defendant, the owner of the property. The demurrer to the petition should have been sustained. Civil Code (1910), § 3353 (2).          *Judgment reversed.*

DECIDED JULY 30, 1915. REHEARING DENIED SEPTEMBER 30, 1915.

Foreclosure of lien; from city court of Macon—Judge Hodges. October 5, 1914.

*John R. L. Smith; G. C. Harris,* for plaintiff.

*Will Gunn,* for defendant.

### ON MOTION FOR REHEARING.

BROYLES, J.   The original petition alleged that the plaintiff's subcontract with James, the contractor, was made on March 22, 1911, and that immediately thereafter, "with his force of plasterers and brickmasons, he commenced the work, . . and continued at the same until about the 15th of August, 1911." His lien was filed for record on September 5, 1911, and was recorded on September 6, 1911. He amended his petition by alleging that the contract between himself and James was made with him (Reid) as a mechanic, and he set forth the amount of work done by himself personally, but, construing the petition as amended most strongly against the pleader, it does not appear *when* this personal work was done (except that it was done some time between March 22, 1911, and August 15, 1911). The petition therefore does not show that it was done within three months prior to the recording of his lien. Of course, if Reid had been entitled to a lien as a subcontractor, for the labor of others and himself, furnished by him under his contract, his lien would have been recorded in time if recorded within three months of the last work done under the contract. However, as we understand the law, he was not entitled to any lien at all as a *contractor,* but was entitled only to a lien as a laborer, for work done by him personally under a contract as a mechanic. Although his original petition and the amendment thereto showed that some work was done under his subcontract within the three months, it did not clearly appear from either that any work for which he was entitled to a lien—work done by him personally—as a mechanic was done within that time, and, consequently, the petition as amended did not show a cause of action against the plaintiff in error, Mrs. Hinkle, and the demurrer to the petition should have been sustained.         *Russell, C. J., concurs specially.*