### GRIFFIN BROTHERS *v.* GAINESVILLE IRON WORKS.

1. In an action by a materialman to foreclose his lien against real estate improved with material furnished by him to a contractor for such pur- pose, the plaintiff is not entitled to a personal judgment against the owner of such real estate for the value of the material furnished to the contractor.

2. There can be no valid judgment of foreclosure of a materialman's lien for materials furnished to a contractor, upon the real estate improved with such materials, in the absence of a valid judgment in his favor against the contractor for the price of such materials.   If the judg- ment against the contractor is sought to be obtained in the foreclosure proceeding against the owner of the real estate, it is essential to a foreclosure of the lien that a valid judgment be rendered in that action against the contractor.

(a) This construction has been given to the statute relative to the fore- closure of materialmen's liens in several cases, beginning with the year 1885; and this court declines to review and overrule them.

MARCH 15, 1916.

Lien foreclosure.   Before Judge Jones.   Hall superior court. April 15, 1915.

*W. M. Johnson* and *B. P. Gaillard Jr.,* for plaintiffs in error.

*J. G. Collins,* contra.

EVANS, P. J.   R. I. Mealor, using the trade-name of the Gaines- ville Iron Works, brought a petition against W. H. Smith, a con- tractor, and Griffin Brothers, the owners of the real estate alleged to have been improved, to foreclose a materialman's lien for ma- terial used by the contractor in the improvement.   In his petition he alleged that the contractor "until recently was a resident of said county, but recently fled the realm, and is now a non-resident

of said State, and his location outside of said State is unknown."
There was a prayer for process against the owners of the real es-
tate, and a prayer that service be perfected by publication on the
contractor, and for judgment for the amount sued for, with costs,
to be decreed a special lien on the property. Process against both
the landowners and the contractor was annexed by the clerk. The
petition was served upon the owners of the real estate, and an entry
of non est inventus was made as to the contractor. The court
passed an order directing that service on the contractor be per-
fected by publication; and a further order reciting that service had
been perfected on the contractor as required by law, and directing
that the factum of service be entered of record. The owners of
the real estate filed a plea denying the substantial allegations of
the petition; the contractor did not appear or plead. On the trial
the evidence disclosed that the plaintiff furnished to the contractor
the material described in his claim of lien; that the material en-
tered into the construction of the store on the property described
in the claim as belonging to the defendants whose property was
alleged to have been improved; the reasonable value of the ma-
terial; that the claim of lien was in proper form, and had been
recorded as provided by the statute; and that the suit was brought
within the statutory period. The court directed a verdict in favor
of the plaintiff against both defendants for the value of the ma-
terial, and also finding for the plaintiff a special lien against the
property improved. A motion for new trial was made and over-
ruled, and the property owners bring error.

1. The court directed a verdict in personam, for the amount of
the debt, against both the contractor and the owners of the real .
estate alleged to have been improved. This was error. In a pro-
ceeding to foreclose a materialman's lien for material furnished a
contractor, the owner of the improved premises is not liable in
personam to the materialman. *Langley* v. *Simmons*, 143 *Ga.* 699
(85 S. E. 832).

2. So much of the verdict as finds a special lien against the
premises of the landowners is illegal, for the reason that under re-
peated rulings of this court such a judgment can not be obtained
unless the materialman has previously recovered a valid judgment
against the contractor, or recovered a judgment against him in
personam in the same action. *Mauck* v. *Rosser*, 126 *Ga.* 268 (55

S. E. 32), and cases cited. The facts in the case of *Clayton* v. *Farrar Lumber Co.*, 119 *Ga.* 37 (45 S. E. 723), were substantially similar to those of the present case; and it was there ruled: "In a suit to foreclose a lien on real estate, for materials furnished to a contractor and used by him in improving said real estate the contractor is a necessary party; and where no process is prayed against such contractor, though he may be referred to in the petition as one of the defendants, and though the clerk annexes a process against 'the defendants' generally, he is not thereby made a party, and a demurrer setting up these objections should be sustained." It is contended by the defendant in error, in the first place, that the contractor was a party to the case, and had been served by publication under order of the court, and is therefore bound by the judgment. Even concede that the contractor was a party, the only relief prayed against him is for a personal judgment; and the rule is universal that a judgment in personam can not be obtained against a defendant on substituted service. Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565). It is further contended by the defendant in error that the objection that the contractor is not a party can be raised only by special plea or demurrer pointing out the nonjoinder, and can not be raised on a motion for new trial, raising the point as to the sufficiency of the evidence to support the verdict. We can not agree with this contention. It is indispensable to the foreclosure of a materialman's lien against the owner of the real estate improved that there be a valid judgment against the contractor. The materialman may sue the contractor separately and obtain his judgment, and thereafter foreclose his lien against the owner of the real estate alleged to have been improved; or, if the contractor is a resident of the county where the property against which the lien is sought to be established is located, the materialman may proceed in the same action against the contractor and the owner of the real estate, and recover a judgment in personam in that action against the contractor. But, whatever course of procedure is adopted, it is indispensable to the materialman's obtaining a judgment of foreclosure of his lien against the property that he have a valid judgment against the contractor. As no valid judgment against the contractor can be obtained in this case, it follows that the verdict directed by the court is without evidence to support it.

Counsel for defendant in error ask that we review and overrule the several decisions holding the proposition that there can be no valid judgment of foreclosure of a materialman's lien for materials furnished to a contractor, upon the real estate improved with such materials, in the absence of a valid judgment in his favor against, the contractor for the price of such materials. The principle announced in these decisions is a construction of the statute giving to materialmen a lien. This construction was placed upon the statute in the case of *Lombard* v. *Trustees,* 73 *Ga.* 324, decided in 1885, and has been consistently followed for a period of more than thirty years. In the meantime many legislatures have convened, and there has been no amendment of the law so as to change the construction put upon the statute by this court; and under these circumstances we decline to overrule a line of decisions adhering to the construction as originally put upon the statute.

*Judgment reversed. All the Justices concur.*