SMITH *v.* TURNER.

</div>

FISH, C. J. The petition of a materialman declared that he contracted with the defendant, the owner of certain realty, to furnish materials for improving it, and that the materials were used in making the improvements. Both a judgment in personam and a foreclosure of the plaintiff's lien were prayed. The answer denied that the defendant made any such contract with the plaintiff. On the trial it was shown that the plaintiff furnished the materials to a contractor with whom the defendant's husband had contracted for the construction of a building on the defendant's land. It appeared from the plaintiff's testimony that he made no contract with the owner of the land; and there was no evidence that the husband of the owner had any authority from her to contract with the materialman. It was shown by the uncontradicted testimony of the contractor, a resident of this State but not of the county where the action was brought, that no judgment had ever been rendered against him for such materials and that he had never been sued for the price of them. At the conclusion of the evidence in behalf of the plaintiff

the defendant moved for a nonsuit on the ground, among others, that no judgment had been rendered against the contractor for the materials he used in constructing the building on the defendant's land, and that the contractor was not a party defendant to the action being tried. *Held,* that the court did not err in granting the nonsuit on the ground stated, even if it should not have been granted on the other grounds of the motion. *Griffin* v. *Gainesville Iron Works,* 144 *Ga.* 840 (88 S. E. 201).

Judgment affirmed. All the Justices concur.
DECEMBER 12, 1916.

Lien foreclosure. Before Judge Bartlett. Douglas superior court. September 24, 1915.

*J. H. McLarty* and *J. S. James,* for plaintiff.

*E. S. Griffith* and *J. R. Hutcheson,* for defendant.

