## HOOD BRICK COMPANY *v.* MANGHAM.

There can be no valid judgment of foreclosure of a materialman's lien for materials furnished to a contractor, upon the real estate improved with such materials, in the absence of a valid judgment in personam in favor of the materialman against the contractor for the price of such materials, rendered previously in an independent suit against the contractor

Judgments 33 C. J. pp. 1083, n. 11; 1084, n. 15.
Mechanics Liens 27 Cyc. p. 325, n. 70.

or concurrently in the foreclosure suit where the contractor and the owner of the land are both made parties and duly served. And a judgment in personam can not be rendered against the defendant contractor where service is had only by publication. Applying these principles to the facts of this case, the court below did not err in sustaining the general demurrer to the petition.

No. 4899. December 19, 1925.

Lien foreclosure. Before Judge Bell. Fulton superior court. April 23, 1925.

*John A. Dunaway* and *Bryan & Middlebrooks,* for plaintiff.

*A. C. Corbett,* for defendant.

Beck, P. J.  B. Mifflin Hood Brick Company filed suit against J. W. Rice and J. R. Mangham, alleging that defendants were indebted to petitioner in a stated sum; that J. R. Mangham is the owner of a described house and lot; that J. W. Rice contracted to build and did build a house on the lot described; that the plaintiff is a materialman, and sold and delivered to contractor Rice, upon the premises described, material of the value of $987, which was used in the improvement of the property; that plaintiff filed its materialman's lien against the property; that its action was brought .within twelve months from the time the amount stated became due; that when the material was furnished the defendant Rice was a resident of Fulton County, Georgia, but since the completion of the contract has absconded and moved his residence to the State of Florida, and can not be sued and served in the usual manner, and his present place of residence is unknown to petitioner. The prayers of the petition are that the court pass an order to perfect service upon the defendant Rice as a non-resident; that plaintiff have and recover a judgment against him for the amount sued for; that plaintiff's claim of lien on the property described be set up and established against it; and that plaintiff have such other and further relief as in equity and justice he is entitled to. The defendant Mangham filed his general demurrer to the petition, which was sustained, and the plaintiff excepted.

The judgment of the court below, sustaining the general demurrer to the petition, must be affirmed, in view of the rulings already made by this court upon the question raised by the assignment of error. In the case of *Columbian Iron Works* v. *Crystal Springs Co.,* 145 *Ga.* 621 (89 S. E. 751), it was held: "There can be no valid judgment of foreclosure of a materialman's lien for materials furnished to a contractor, upon the real estate improved

with such materials, in the absence of a valid judgment in personam in favor of the materialman against the contractor for the price of such materials, rendered previously in an independent suit against the contractor or concurrently in the foreclosure suit where the contractor and the owner of the land are both made parties and duly served." And in the case of *Pike Lumber Co.* v. *Mitchell,* 132 *Ga.* 675 (64 S. E. 998, 26 L. R. A. (N. S.) 409), it was ruled: "In order to foreclose a materialman's lien for material furnished a contractor to be used in improving the property of another, it is necessary that the materialman have judgment against the contractor in a previous action, or the contractor must be sued concurrently in the foreclosure proceedings with the owner of the property improved. If the contractor be adjudged a bankrupt, so that no judgment in personam can be had against him in an action at law, his immunity from liability to a personal judgment will not give the materialman a right to foreclose his lien in equity against the property improved." Other decisions to the same effect might be cited. The ruling that no valid judgment of foreclosure of a materialman's lien for materials furnished to a contractor, upon the real estate improved with such materials, can be rendered in the absence of a judgment in personam against the contractor for the price of such material, is conclusive in this case against the plaintiff in error. No judgment had been rendered in an independent suit against the contractor, and no judgment in personam can be rendered in the present suit, which is brought against the contractor and the owner concurrently. The contractor, as appears from this petition, is a non-resident of this State. In an equitable suit he can be served for certain purposes by publication, but such service does not confer jurisdiction upon the court to render a judgment in personam against him. This doctrine was laid down by this court at an early date in the history of the court. In the case of *Dearing* v. *Bank of Charleston,* 5 *Ga.* 497 (48 Am. D. 300), it was said: "The courts of this State have no extra-territorial jurisdiction, and can not make the citizens of foreign States amenable to their process, or conclude them by a judgment in personam, without their consent. A judgment in personam, rendered against an inhabitant of a foreign State, in a cause wherein he did not appear, although notice was served upon him by publication, under the 2nd rule in equity, held to be

a nullity as to him." In the case of *Adams* v. *Lamar,* 8 *Ga.* 83, the principles announced in the *Dearing* case, supra, were restated and followed. In the case of Pennoyer v. Neff, 95 U. S. 714 (24 L. ed. 565), the Supreme Court of the United States held that a personal judgment rendered by a State court against a non-resident of the State, in an action upon a money demand, was without validity, where the defendant was served by publication, but upon whom no personal service of process within that State was made, and who did not appear. That ruling has been applied in several cases decided by this court. *Hood* v. *Hood,* 130 *Ga.* 612 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359). In the case of *Castleberry* v. *Johnston,* 92 *Ga.* 499 (17 S. E. 772), after restating the ruling that the lien of a materialman for lumber furnished upon the employment of a contractor can not be foreclosed by a direct suit against the owner of the premises, without previously or concurrently suing the contractor to whom the lumber was furnished, the court said: "If the contractor absconded and left this State, so that he could not be sued and served in the usual manner, the materialman might foreclose his lien by resorting to equitable proceedings against the owner and the contractor jointly, serving the latter by publication." The apparent ruling that the materialman might resort to an equitable proceeding against the owner and contractor jointly, serving the latter by publication, seems to be obiter dictum, in view of the issue presented in the case just cited; and counsel for plaintiff in error candidly concede in their brief that it is obiter, but insist that "it correctly stated what the law should be." The law of this case, however, is stated in the other decisions which we have quoted from and cited, and they sustain the judge below in the judgment rendered.     *Judgment affirmed. All the Justices concur.*