### WILLIAMS *v.* JAY *et al.; et vice versa.*

Nos. 8025, 8026. SEPTEMBER 17, 1931.

374

*McElreath & Scott,* for Williams.

*George G. Finch, J. H. Porter, Slalon & Hopkins, E. Harold Sheals, W. F. Moore,* and *C. L. Padgett,* contra.

BECK, P. J. We are of the opinion that the court did not err in overruling the motion for a new trial. The right· of Williams to have the verdict in this case set aside depended either upon his having a lien by virtue of the transfer of the account for material furnished by Marbut-Williams Lumber Co. to J. I. Hembree, or having in effect an equitable mortgage. Clearly the Marbut-Williams Lumber Co. had no enforceable lien, as they had not pursued the statute which would give them a lien or the right to enforce it. This is conceded in the case; and as that company, the assignor of the account, had no lien, the assignee or transferee, J. T. Williams, had no statutory lien, nor did Williams have an equitable lien. It has been held in substance that where the statute creates a specific lien and also gives a specific remedy, a court of equity has no jurisdiction to enforce the lien unless there

be some impediment which renders the statute unavailable. In regard to liens, the rights given by statute are exclusive. *Farmers Loan & Trust Co.* v. *Candler,* 92 *Ga.* 249 (18 S. E. 540). See also *Hooper* v. *Sells,* 58 *Ga.* 127; *Hood Brick Co.* v. *Mangham,* 161 *Ga.* 457 (131 S. E. 172), and numerous other decisions laying down substantially the same principle may be cited. It is only in cases where liens are recorded and foreclosed according to the statute that there can be said to be liens established by law. Williams had no such lien in this case, legal or equitable, as to bring him within the benefits of the rule and principle stated in the case of *Williams* v. *Brewton,* 170 *Ga.* 164 (152 S. E. 441).

In their brief counsel for plaintiff in error say that they were not seeking to foreclose in equity a statutory materialman's lien, but "were seeking, under the peculiar facts of this case, to involve the doctrine of equitable mortgages." We do not think that under the facts of the case the doctrine of equitable mortgages can be applied. To allow the plaintiff in error to recover under the theory of equitable mortgages would be in fact the same in substance as if we recognized the right to an equitable lien, which we have held the movant can not have. It follows from what we have said that the court did not err in excluding the evidence which it is insisted in the motion for a new trial should have been admitted; and it follows further from this ruling that the other errors assigned show no cause for reversing the judgment. Under these rulings the court below, in view of the pleadings and the evidence, did not err in directing the verdict complained of.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*