KING *et al. v.* RUTLEDGE *et al.*

No. 17464. SUBMITTED MAY 14, 1951—DECIDED JUNE 11, 1951—REHEARING
DENIED JULY 10, 1951.

174

*Harbin M. King,* for plaintiffs.

*T. L. Shanahan,* for defendants.

WYATT, Justice. 1. Without deciding whether or not the plaintiffs in the court below could amend their petition as is here attempted, we find that the petition does not set out a cause of action for any of the relief sought. Count one of the petition as amended seeks to recover a general judgment against all the defendants for the sum alleged to be due. The petition alleges that the defendant Joe Fossett, a contractor, was employed by the defendants Mr. and Mrs. Rutledge to make improvements and repairs to described property belonging to them, and that the defendant Joe Fossett bought materials and supplies from the plaintiffs with which to make said improvements and repairs, for which they have not been fully paid. Nothing is alleged in the petition that would make the defendant Joe Fossett anything other than as alleged in the petition—that is, an independent contractor. "Where a materialman seeks to foreclose his lien against real estate which has been improved with material furnished by him to a contractor for such purpose, he can not recover a general verdict and judgment against the owner of the land for the value of the material furnished." *Langley* v. *Simmons,* 143 *Ga.* 699 (85 S. E. 832); *Griffin* v. *Gainesville Iron Works,* 144 *Ga.* 840 (88 S. E. 201); *Mauck* v. *Rosser,* 126 *Ga.* 268 (55 S. E. 32). Accordingly, count one does not set out a cause of action for a general judgment against the defendants in error. Nor does it set out a cause of action for a judgment establishing a lien upon the property improved, for the reason that it is not alleged that a claim of lien has been filed and recorded as required by Code §§ 67-2001, 67-2002. See also *Hinkle* v. *Reid,* 16 *Ga. App.* 788 (86 S. E. 411); *Chambers Lumber Co.* v. *Gilmer,* 60 *Ga. App.* 832 (5 S. E. 2d, 84).

2. The second count of the petition refers in paragraph 12 to Joe Fossett as "agent" of Mr. and Mrs. Rutledge. Construing the allegations of the petition most strongly against the pleader, as must be done, the facts alleged negative the theory of agency. The plaintiffs allege that Joe Fossett was employed as a contractor to make improvements and repairs to premises owned by Rutledge. The other allegations of the petition are all consistent with the theory that the materials were furnished to Fossett as a contractor rather than as an agent of the owners of the property. Therefore the allegations of the petition were not sufficient, as against a general demurrer, to set out a cause of action for general relief under the theory of agency.

3. The plaintiffs in error seek also in the second count of the petition to subject the property, alleged to have been improved, to a special equitable lien to the extent of the amount they claim to be due them. The petition shows that they filed and recorded a claim of lien against property belonging to James C. Rutledge. The petition further shows that the plaintiffs in error delivered materials and supplies to premises other than the premises upon which they had recorded their claim of lien for a period of about four months. It is not alleged that the defendants were guilty of any bad faith; nor is any reason alleged why the plaintiffs could not have discovered immediately the true facts. The plaintiffs or their agents knew or could have known by the exercise of any diligence whatsoever that the materials and supplies were being used on the premises to which they were delivered rather than on the premises upon which they had filed their claim of lien.

The Code provides a method of effecting a lien for materials furnished for the purpose of improving real estate. Code, §§ 67-2001, 67-2002. Strict compliance with these sections is required. *Hinkle* v. *Reid,* supra; *Chambers Lumber Co.* v. *Gilmer,* supra. "Where a statute creates a specific lien, in favor of masons and carpenters, on buildings erected by them, and also gives them a specific remedy for the enforcement of such lien, a court of equity has no jurisdiction to enforce it, unless there be some impediment or difficulty charged to exist, which would render the remedy given by the statute unavailable." *Coleman* v. *Freeman, 3 Ga.* 137. See also *Farmer's Loan & Trust Co.* v. *Candler, 92 Ga.* 249

(18 S. E. 540); *Williams* v. *Jay*, 173 *Ga.* 372 (160 S. E. 426). "It is well settled in this State that equity will grant no relief to one who by the exercise of ordinary diligence could have prevented the injury complained of." *Prince* v. *Friedman*, 202 *Ga.* 136 (42 S. E. 2d, 434). See also, Code, § 37-211; *Loyd* v. *Loyd*, 203 *Ga.* 775 (48 S. E. 2d, 365). The plaintiffs in error in their petition allege no reason why there is any impediment or difficulty which would render their remedy under the statute unavailable that could not have been avoided by the exercise of the slightest diligence on their part. They are charged with knowledge of the premises upon which they filed their claim of lien. They are charged also with knowledge of the premises to which they delivered the materials and supplies for which they seek to recover. They knew that these premises differed, in plenty of time to properly record a claim of lien as required by the statute. They did not do so, and now seek the aid of a court of equity to relieve them from their own negligence. The authorities we have cited, and many others that could be cited, hold that in such cases no equitable relief will be granted. Under the rulings above made, the petition did not set out a cause of action against the defendants in error for any of the relief sought, and the judgment of the court below sustaining the general demurrer and dismissing the petition as to them was not error.

*Judgment affirmed. All the Justices concur.*