## 40498. CLAUSE (CLOUSE) v. ROSWELL BANK.

BELL, Presiding Judge. The plaintiff alleged in his petition that the defendant bank held title to certain realty under a deed to secure debt from W. G. Downing, dated October 10, 1960, and filed for record in DeKalb Superior Court on October 31, 1960; that Downing engaged in improving the realty by constructing two buildings "in accordance with agreement with the defendant"; that defendant employed Downing to build the structures; that the defendant bank made payments to Downing from time to time after the defendant's agent had inspected and approved the materials and labor used in improving the property; that on March 15, 1961, plaintiff completed the tiling in the houses, the material and labor for the tiling having been furnished by the plaintiff at the request of Downing; that the plaintiff told the defendant's agent that

Downing had refused to pay for the tiling material and labor in the amount of $900; that defendant's agent stated he would instruct the defendant bank to pay the plaintiff direct; that the bank refused to make the payment; and that by the acts alleged the defendant ratified and adopted the work and materials furnished and accepted the benefit of them.

The trial court sustained the defendant's general demurrer and dismissed the petition. Exceptions are brought to this judgment. *Held:*

1. If treated as an attempt to enforce a mechanic's and materialman's lien under *Code Ch.* 67-20, the petition is fatally defective for numerous reasons. Among these defects are: (a) The petition fails to allege that the lien was recorded within three months after completion of the work. *Hinkle v. Reid,* 16 Ga. App. 788 (86 SE 411); *King v. Rutledge,* 208 Ga. 172, 174 (65 SE2d 801); (b) It is affirmatively alleged that the materials were furnished and the work was completed on March 15, 1961, while suit was not filed until July 25, 1962. This does not fulfill the condition precedent that the action for the amount of the claim be commenced "within 12 months from the time the same shall become due." *David v. Marbut-Williams Lumber Co.,* 32 Ga. App. 157, 158 (122 SE 906); and (c) It is not alleged that there is a valid judgment against the contractor for the price of the material and labor furnished. *Hood Brick Co. v. Mangham,* 161 Ga. 457 (131 SE 172).

2. If considered as an attempt to enforce a contract between the plaintiff and the defendant, the petition is equally deficient.

The petition affirmatively alleges that the materials and labor were furnished at the "request" of Downing. Construing the petition against the pleader, it is clearly shown that Downing was an independant contractor and not the agent of the defendant bank. Thus the alleged contract to furnish the materials and labor was between the plaintiff and Downing who is not a party to the suit. Despite some rather loose conclusions declared to the contrary which are not supported by any of the pleaded facts, there is nothing alleged sufficient to show that the defendant bank was a party to the contract by ratification or otherwise. No cause of action is stated in a petition which recites mere legal conclusions with no facts alleged on which to base them. *Fowler v. Southern Airlines,*

*Inc.,* 192 Ga. 845 (16 SE2d 897) ; *Winder v. Winder,* 218 Ga. 409, 413 (128 SE2d 56).

The trial court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

DECIDED APRIL 30, 1964.

*Grace W. Thomas,* for plaintiff in error.
*William G. Grant, Roy S. Drennan,* contra.