**579**

SEABOARD CONSTRUCTION COM-
PANY, Plaintiff,

v.

CONTINENTAL MORTGAGE INVES-
TORS, Defendant.

Civ. A. No. 2161.

United States District Court
S. D. Georgia.

April 9, 1969.

Richard M. Scarlett, Brunswick, Ga., for plaintiff.

Gene F. Dyar, Savannah, Ga., for defendant.

ORDER ON MOTION FOR
SUMMARY JUDGMENT

LAWRENCE, District Judge.

Defendant has moved for a summary judgment. The complaint alleges that Seaboard Construction Company contracted with Black Industries, Inc. [hereafter called Black] on December 5, 1963, to do certain site work including paving, sewerage, and other construction on plaintiff's property and that Black thereupon entered into a loan agreement with Continental Mortgage Investors, defendant [hereafter called Continental] under which the latter agreed to advance funds to pay for the work as it progressed. Plaintiff asserts that it has performed all of its obligations under this agreement but has not received from Black a balance of $11,985.42 claimed to be due Seaboard. The theory of the suit against Continental is that although Seaboard was not a party to the agreement between defendant and Black and was not in privity as to the loan agreement, it is a third party beneficiary and as such can impress a trust in its favor upon sums not disbursed by Continental in connection with the improvements.

■ Under Georgia law a third-party beneficiary relationship is dependent upon the intent of the contracting parties to benefit such third party. Levy v. Empire Ins. Co., 5 Cir., 379 F.2d 860; First National Bank & Trust Co. in Macon v. Roberts, 187 Ga. 472, 1 S.E.2d 12; Whitley v. Bryant, 198 Ga. 328, 31 S.E.2d 701; Carruth v. Aetna Life Ins. Co., 157 Ga. 608, 122 S.E. 226; Sybilla v. Connally, 66 Ga.App. 678, 18 S.E.2d 783. "A person who is neither the promisee of a contract nor the party to whom performance is to be rendered [but who] will derive a benefit from its performance" is only an incidental beneficiary. 2 Williston on Contracts (3rd Ed.), § 402, p. 1088. He has no right to recover under the contract. See Howsmon v. Trenton Water Co., 119 Mo. 308, 24 S.W. 784, 23 L.R.A. 146; Burke v. North Huntingdon Township Municipal Authority, 390 Pa. 588, 136 A.2d 310; Josal, Inc. v. Feinberg,

195 Pa.Super. 646, 171 A.2d 830; 17 Am. Jur.2d Contracts § 307, p. 732.

In United Plumbing v. Gibraltar Savings & Loan Association, 7 Ariz.App. 540, 441 P.2d 575, under facts quite similar to those in the present case, the Court of Appeals of Arizona stated that three questions were involved, namely:

1. Whether the appellants were entitled to an equitable lien on the undisbursed loan proceeds held by Gibraltar.

1. Whether the agreement between the Braikers and Gibraltar that Gibraltar will hold the loan proceeds disbursed to it in trust for the payment of mechanics and materialmen created a trust enforceable by the appellants, when in the same agreement the parties thereto have provided that the agreement is for the sole benefit of the parties and it is not intended to benefit any third persons.

3. Whether the appellants were third party beneficiaries of the agreement between the Braikers and Gibraltar.

The Court answered each question in the negative. It found nothing in the written agreement between the developer (Braikers) and Gibraltar Savings and Loan Association to support the claim of an intention to benefit the materialman, United Plumbing.

There are no Georgia cases in which the "intent" rule is applied to a factual situation resembling the present one. Materialmen in Georgia generally allege an agency relationship between the borrower and lender in attempting to establish privity with the latter on the construction contract as opposed to the loan agreement.[1]

Here Seaboard alleges the existence of a loan agreement between Black and defendant Continental which is claimed to evidence an intent to benefit the plaintiff. The contracts do not support this contention. Black's obligation to Continental arose as follows: on October 30, 1963 prior to Black's agreement with Seaboard, a loan agreement was entered into between Black and Collateral Mortgage Company, an Alabama corporation. The latter agreed to advance funds for Black's use in developing the property in Chatham County. The loan deed and the debt secured thereby were assigned by Collateral on the same day to the defendant, Continental. On September 23, 1965 the Commonwealth Corporation of Florida also entered into a loan agreement with Black for development of the same property. This agreement incorporated by reference the provisions of the October 30th contract between Black and Collateral. On October 7, 1965 this contract was likewise assigned to Continental. Each of the assignments specifically conferred upon the assignee all of assignor's rights, privileges and benefits arising under the deed to secure debt and the note evidencing the indebtedness. They include the following provision in the October 30th contract:

"Paragraph 23. This agreement is made for the sole protection of the Borrower and the Lender, its successors and assigns and no other person or persons shall have any right of action thereon."

Plaintiff's contention that it has a third-party beneficiary status is expressly refuted by the written contracts. They negate any intent of the parties to confer on Seaboard any interest, legal or equitable, in the loan proceeds held by Continental.

There is no basis for recovery here and Continental's motion for summary judgment is therefore granted.

1. See, for example, Murray v. Reliance Mortgage and Realty Co., et al., 114 Ga. App. 534, 151 S.E.2d 883; Clause v. Roswell Bank, 109 Ga.App. 647, 137 S.E. 2d 86; Johnson v. Kidd, 108 Ga.App. 53, 131 S.E.2d 861.