## DUNNING & TUTTLE *vs.* STOVALL *et al.*

1. The Act requiring certain liens to be enforced within twelve months, is not affected by the subsequent statute, fixing the first of January of the year ensuing as the time when open accounts shall bear interest, and also from which the Statute of Limitations shall begin to run.
2. A proceeding instituted against the proper parties to enforce a mechanic's lien may be converted into a regular suit to recover the price of the work done and the materials found.

Statutory proceeding in Richmond Superior Court. Decision by Judge HOLT at January Term, 1860.

This was a petition filed for the purpose of enforcing a lien under the mechanics lien laws of this State. It appeared from the petition and bill of particulars annexed, that more than twelve months had elapsed from the last date of the account sued on, before the petition was filed. The defendants demurred and the Court sustained the demurrer.

The plaintiffs moved, thereupon, to strike out so much of the declaration as referred specifically to the enforcement of

Dunning & Tuttle *vs.* Stoval *et al.*

the lien, and to amend so as to proceed against the trust estate under the Act, giving common law jurisdiction in collecting claims against trust estates.

The Court below refused this motion, and awarded a nonsuit against the plaintiffs.

Subsequently, during the same term, the counsel for plaintiffs moved to reinstate the case upon the ground that the Court had committed error in the foregoing rulings.   This motion was also refused, and the counsel for plaintiffs excepted to all said decisions.

L. D. LALLERSTEDT, for plaintiff in error.

MILLERS & JACKSON, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

As the plaintiffs did not sue upon a special contract, the presumption is, that the contract was completed when the last item in the bill of particulars was charged.   They rely upon that and they must abide by it.   They will not be permitted to prove any thing to the contrary, unles it was averred in the writ.   We do not think the late statutes making open accounts bear interest from the first day of January of the year next following, and that the Statute of Limitations shall not begin to run until that time, applies to the lien laws.

Ought the amendment in this case to have been allowed ? The plaintiffs proposed to abandon the lien and convert the proceeding into an ordinary action against the defendants as trustees for Mrs. Caroline Dearing and children for a dwelling house, materials found by the plaintiffs, for the benefit of the trust estate.

And why not?   We can see no objection to it.   Whether when there are trustees, the Act of 1856 intended that the *cestui que trusts* should be made co-defendants, is not altogether clear.   But whether this be so or not, or you are only required to name them as you do the trust property, still we see no insuperable objection to the allowance of the amendment.