### 3935.  SEABOARD AIR-LINE RAILWAY *v.* PEEPLES.

1. In an action for negligence of a railroad company in the operation of its trains, resulting in the killing of the plaintiff's cattle, the price or value of the cattle is sufficiently proved when his testimony is to the effect that they were worth the price alleged in the petition, and establishes the measure of the damage sustained by him.

(*a*) In construing evidence, juries may consider the connection in which a particular word or phrase is used, and properly attach to it a meaning different from its generally accepted definition.

2. Judicial cognizance may be taken of the location of incorporated towns within this State, and of the boundaries of the several counties of the State; and in this case the jurisdiction of the trial court is affirmatively proved by evidence that the cattle were killed between Kingsland and the Saint Mary's river.

3. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED FEBRUARY 4, 1913.

Action for damages; from city court of Saint Marys—Judge Atkinson.  November 13, 1911.

*Bolling Whitfield,* for plaintiff in error.

*S. C. Townsend,* contra.

RUSSELL, J.  The suit was for damages on account of the killing of five head of cattle, which, the petition alleged, were killed by trains of the defendant, at stated times, near designated mileposts on its railway.  The sex and value of each of the animals respectively were stated in separate paragraphs of the petition. So far as appears from the record, there was no demurrer or other objection to the sufficiency of the pleadings, but the plaintiff, by amendment, amplified his description of the cattle, by stating certain marks which served to identify them.  On the trial the plaintiff was the sole witness.  There was no objection upon the ground that his testimony was for any reason incompetent or inadmissible. The verdict was for the amount sued for.  The defendant excepted to the refusal to grant a new trial.  The motion for a new trial rests upon three propositions, each and all of them dependent upon the general ground that the verdict is contrary to law, because without evidence to support it.

1.  It is specifically insisted that the verdict is contrary to evidence, because the market price or value of the cattle was not proved, nor the amount of the plaintiff's damage established.  If the plaintiff proved the value of each of the cattle, and that all of

them were killed by the defendant in negligently operating its trains, of course the amount of his damage would be the sum total of their proved value. We think the value of each and all of the cattle was proved, and that therefore the total amount of plaintiff's damage was established in the manner indicated above. The plaintiff's testimony—"the cattle were my property and worth the price charged for them"—was the only direct evidence as to the value of the cattle alleged to have been killed; but it was followed by the additional statement by the plaintiff that he would not take the price charged for them. From the connection and in the sense in which the plaintiff used the word "charged," the jury had the right to infer that this term was used instead of the word "alleged;" and as there is no evidence that he had sold the cattle on credit, or offered them for sale, about the only reasonable construction of the plaintiff's evidence is that his use of the word "charged" was a mistake, and that what he really intended to say to the jury was that his cattle were worth the several sums charged or alleged in his petition.

When the true meaning of an expression used by a witness is plainly apparent from the context and the connection in which it was used, or from other pertinent circumstances which evidence that the words were ignorantly or improperly used and do not convey the meaning actually intended, the jury is authorized to ascribe to the words the meaning which the surroundings indicate and which the witness evidently intended them to have. In construing evidence, juries may sometimes attach to a word or phrase a meaning wholly different from its generally accepted definition.

2. It is insisted, in the second ground of the amended motion for a new trial, that the verdict is contrary to the evidence and the law, because it was not affirmatively proved that the cattle were killed by the Seaboard Air-Line Railway, or in Camden county, Georgia. The plaintiff testified that he found each and all of the cattle described in the petition, dead, near the several mile-posts specified in the petition. Each had marks of violence upon it, which, in the opinion of the witness, caused its death, and each was marked with his mark and was his property. We think the evidence that the cattle came to their death by violence, together with the fact that the bodies were found near the tracks of the railway company, apparently in a condition not otherwise affected

than by the injuries which caused death, would at least raise a presumption that they were killed by the defendant's trains. The presumption, of course, would not be conclusive, but, in the absence of any other suggestion from the evidence, the facts that the cattle were found dead on the defendant's premises, in close proximity to the tracks of its railway, over which many trains were passing daily, and that they had wounds, which, while they may not have been caused by these trains, could have been caused by them, and that the evidence discloses no person who had any opportunity to kill the cattle or any motive for killing them, authorized the jury to infer that they were killed by the defendant. This presumption of fact is sufficient prima facie proof that the cattle were killed by the defendant's trains.

As to the alleged want of jurisdiction in the trial court, we need only say that the evidence that the cattle were killed between Kingsland and the St. Mary's river is undisputed. The courts take judicial notice of incorporated towns and of the boundaries of counties. From the Acts of 1908 (p. 815) we know, as did the trial judge, that Kingsland is in Camden county. It is also a matter of judicial knowledge that the St. Mary's river is the southern boundary of Camden county. Hence, the tort, if committed at all, must have been committed in Camden county.

3. We might extend this opinion, but it would be profitless. In addition to what has been said, we need only to rule that there is no point in the suggestion that there is no testimony showing in what respect the defendant was negligent, or showing that it was negligent at all,—nothing to show that even if the cattle were killed by the defendant's trains, its agents were not using all due diligence to avoid them. We have already ruled that the evidence as to the finding of the dead bodies, in the place where and in the condition in which they were found, might authorize a jury to infer that the cattle were killed by the railroad company in operating its trains. This being so, the presumption of law would follow, that the killing was due to the negligence of servants of the railway company; and there being no effort on the part of the railway company to rebut the statutory presumption, nor any evidence from any source to show that the alleged injury was due to any other or different act of negligence imputable by law to the railway company than that alleged, it was unnecessary (as perhaps

it would have been impossible in the present case) for the plaintiff to prove that the defendant railroad company was negligent as alleged.

The right of the plaintiff to recover damages for an injury is so restricted that he can not recover at all, unless his injury was due to some one or more of the acts alleged to be negligence, but when the statutory presumption of negligence (Civil Code, § 2780) is authorized at all, the law so extends the presumption as to dispense with the necessity of proving the alleged acts of negligence. In the absence of any evidence upon the point, and until there is evidence showing that the railway company was not negligent, or that an act of negligence which is not alleged was the proximate cause of the injury complained of, the law's presumption that the railway company was negligent includes within itself a presumption that it was negligent as charged. *Atlantic Coast Line R. Co.* v. *Moore,* 8 *Ga. App.* 185 (2b), (68 S. E. 875). As to this point the law supplied evidence derived by deduction from proof of injury. This was prima facie proof, and no attempt was made to rebut it.

The evidence authorized the verdict, and there was no error in refusing a new trial.                     *Judgment affirmed.*