## 7890. WESTBERRY et al. v. HAND.

1. Under the plaintiff's allegations he had a cause of action against the deputy sheriff and the surety on the official bond of that officer, on account of the officer's failure to use due care and diligence as to the mule he had levied on, belonging to the plaintiff, which was in the officer's custody under the levy when it broke its neck by running against a wire fence in the field in which the officer had placed it. The court did not err in overruling the demurrer to the petition.

2. (a) The defendants were not entitled to complain that the verdict against them was for a sum lower than the valuation placed upon the mule by the testimony.

(b) Jurors are not required to accept as correct the uncontradicted opinion or estimate of a witness as to the value of property, and may by their verdict place a lower value upon the property.

DECIDED MARCH 20, 1917.

Action for damages; from Wayne superior court—Judge Highsmith. September 9, 1916.

*James W. Poppell, James R. Thomas,* for plaintiffs in error.

*D. M. Parker, Gibbs & Turner,* contra.

GEORGE, J. Hand sued Westberry, deputy sheriff, and his bondsman, Bennett, for $175, the value of a mule. The jury returned a verdict for the plaintiff for $125. The defendants made a motion for a new trial, and the judgment overruling the motion is assigned as error. Hand was the owner of a mule levied upon by the deputy sheriff, Westberry. The deputy sheriff refused to accept a bond, and carried the mule a distance of several miles into a strange community. When Westberry refused to accept bond and carried the mule away, Hand expressly cautioned him to put the mule in a barn or stable, and not to turn it into a lot or put it under wire fence, because it would jump and would not stay under wire fence; he particularly advised Westberry of the danger to the mule if it should be placed under wire fence. Westberry carried the mule home and placed it in his stable, and later turned it into a field surrounded by an ordinary wire fence, securely and properly built. In this field was a cross-fence made of wire, which was for temporary purposes only and was not substantial. The wire was of small size and was, by reason of its construction (fully set forth in the petition), liable to injure or damage stock. According to the evidence of an eye-witness, who was living with and working for the deputy sheriff, the mule belonging to the plaintiff, with other stock, was turned into this field and began running rapidly as it

34

entered the field. On the first round of the field it ran into the cross-fence made of wire which was insecurely strung on insufficient stakes and was liable to injure and damage stock, and broke its neck.

Sheriffs and deputy sheriffs are liable to suit in respect to certain things specified, and "for or in respect to any other matter or thing whatever relating to or concerning their respective offices," under the Civil Code of 1910, § 5341. "A sheriff, with regard to care of property in his possession under judicial process, is a bailee for hire, and as such is required to use reasonable care and diligence in the preservation of the property." 25 Am. & Eng. Enc. Law (2d ed.), 712, citing *Gilmore* v. *Moore,* 30 *Ga.* 628, and *Cape Fear Steam Boat Co.* v. *Bartholomess,* 67 *Ga.* 452. "The sheriff who has property in his custody is liable for the loss thereof or injury thereto resulting from his failure to use due care and diligence to preserve the same." 35 Cyc. 1688, citing *Johns* v. *Robinson,* 119 *Ga.* 59 (45 S. E. 727), and *Gilmore* v. *Moore,* supra. Without question, we think that an officer entrusted by law with the possession of personal property is liable to the owner of that property for negligence in the performance of his trust or duty, or for fraud or neglect in the execution of his office. The petition set forth a cause of action, and was not subject to general demurrer. The acts of negligence were set forth with sufficient particularity, and the petition was not subject to any of the grounds of the special demurrer. The deputy sheriff was fully advised of the character and habits of the mule, and was directly warned that the mule would damage or injure itself if placed under wire fence. Disregarding this information and this warning, he intentionally placed the mule in the enclosure surrounded by a wire fence and across which a temporary wire was strung. It can not be said, under the evidence in this case, which was not controverted by the deputy sheriff, that the mule was killed as the result of an unavoidable accident. The verdict, approved by the trial court, is clearly supported by the evidence.

The defendants were not entitled to complain that the verdict was for only $125, although in the opinion of the plaintiff, as stated in his testimony, his mule was reasonably worth $175. *Cooper* v. *Bowen,* 140 *Ga.* 45 (3) (78 S. E. 413) ; *Hicks* v. *Walker,* 17 *Ga. App.* 391 (2), 394 (87 S. E. 152). The question as to the value

of an article is peculiarly for the jury, and that body is not absolutely bound by the opinions or estimates of the witnesses on that subject. *Minchew* v. *Nahunta Lumber Co.,* 5 *Ga. App.* 154 (4) (62 S. E. 716).

There was no error in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*