9519. GEORGIA NORTHERN RAILWAY CO. v. BATTLE.

1. The question as to the value of an article is peculiarly for the jury. Jurors are not absolutely bound to accept as correct the opinion or estimate of a witness as to the value of property, though uncontradicted by other testimony, but have the right to consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge, throwing light upon the question, and they may by their verdict place a lower value upon the property than that stated in the opinions or estimates given in evidence.
2. Since a new trial must be had, the general grounds of the motion for a new trial and those which amount to an amplification thereof need not now be passed upon.

DECIDED OCTOBER 15, 1918.

Action for damages; from Colquitt superior court—Judge Thomas. January 25, 1918.

The plaintiff sought to recover damages for the killing of certain live stock, alleged to be of the value of $275: This allegation was denied by the defendant. The verdict was for the full amount sued for. In the defendant's motion for a new trial, the refusal of which is assigned as error, it is alleged that the court erred in charging the jury as follows: "If you find, from the evidence in this case, that the property of the plaintiff, as alleged in the declaration, was killed, and that it was killed as the result of the failure on the part of the defendant company, its agents and servants, to exercise ordinary care in the operation and conduct of its railroad engines and cars, as alleged in the declaration, then and in that event the plaintiff would be entitled to recover, and the plaintiff would be entitled to recover the fair market value of the stock killed, as alleged in the declaration." This is alleged to be erroneous for the following reasons: "(a) Because the court instructed the jury that 'the plaintiff would be entitled to recover the fair market value of the stock killed, as alleged in the declaration' and nowhere instructed the jury that the fair market value could be arrived at

only from the sworn evidence in the case, but confined the jury in his charge to the value of the stock as alleged in the declaration, if the jury found for the plaintiff at all. (*b*) Because the effect of said charge was to deny to the jury the right to say by their verdict as arrived at from the evidence adduced on the trial the value of said stock, and how much, if any, the plaintiff was entitled to recover. (*c*) Because the charge of the court arbitrarily fixed the value of the stock killed at the sum alleged in the plaintiff's declaration, and the only question submitted to the jury for their determination was the negligence of the defendant, or the want thereof."

*W. F. Way,* for plaintiff in error.

*Parker & Gibson, J. B. Fussell,* contra.

JENKINS, J. (After stating the foregoing facts.) We think the objection to the excerpt from the charge of the court is well taken. It was for the jury to say, from the evidence adduced, what the value of the property was, and the charge of the court in fixing the value thereof as that alleged in the petition was an invasion of the province of the jury, and was therefore error. The charge complained of was in effect a direction to the jury by the court that if they should find in favor of the plaintiff, they should find in his favor the sum of $275, the amount alleged in the petition as the value of the stock killed. While it is true that the only evidence introduced upon the trial of the case as to the value of the stock was the uncontradicted testimony of the plaintiff himself, who swore that the stock was worth the sum alleged in the petition, and while this was sufficient to prove the value of the stock killed and establish the measure of damages sustained (*Seaboard Air-Line Ry.* v. *Peeples,* 12 *Ga. App.* 206 (77 S. E. 12), still, as was held in the case of *Westberry* v. *Hand,* 19 *Ga. App.* 529 (91 S. E. 930), "The question as to the value of an article is peculiarly for the jury," and "Jurors are not required to accept as correct the uncontradicted opinion or estimate of a witness as to the value of property, and may by their verdict place a lower value upon the property." They had the right to also consider the testimony relative to the nature of the property involved, and every other fact and circumstance properly within their knowledge throwing light upon the question. See also *Johnson* v. *Stevens,* 19 *Ga. App.* 192 (91 S. E. 220); *Lott* v. *Banks,* 21 *Ga. App.* 246 (94 S. E.

322 (4)). Since the charge of the court deprived the jury of the right of fixing the value of the property, it was such harmful error as to require the grant of a new trial, for the jury might have, had they been permitted to do so, found a verdict for a sum less than that laid in the petition and sworn to by the plaintiff.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*