## 14610.   CLARK v. THE STATE.

1.   That the brief of evidence was not approved is an objection which should be raised first before the trial judge.

2.   Refusal to continue the case because of absence of a witness is not cause for a new trial where the judge announced, at the time of overruling the motion to continue, that he would have the witness at the trial the next morning, and where it is not shown that the case was not on trial the next morning and the witness absent then, or that any further motion was made because of such absence.

3.   Refusal to allow counsel for the accused further time to prepare for trial was not an abuse of discretion.

4.   An exception to the entire charge of the court because of alleged failure to set out fairly the real issues in the case will not be considered

when the charge is not in the record sent to this court and it does not appear that the charge was in writing and filed.

5. Refusal of an oral request to charge "the entire law of the case" is not a good ground of a motion for a new trial.

6. Alleged newly discovered evidence which is merely cumulative and impeaching does not require a new trial.

7. The verdict is sufficiently supported by evidence.

DECIDED JULY 11, 1923.

Indictment for larceny of cattle; from Toombs superior court — Judge Hardeman. March 6, 1923.

*William B. Kent,* for plaintiff in error.

*Walter F. Grey, solicitor-general,* contra.

BLOODWORTH, J. 1. In this court counsel for the defendant in error made a motion in which he asked that "the motion for a new trial be dismissed for the reason that the brief of evidence in said case of file in the office of the clerk of the superior court of Toombs county shows that same was not approved by the trial judge." Under the express provisions of the act approved August 21, 1911 (Ga. L. 1911, p. 150, sec. 3; Park's Code, § 6090 (a), there is no merit in this motion. *Odom* v. *Coley,* 11 *Ga. App.* 490 (75 S. E. 822); *Farmers Mutual Fire Asso.* v. *Steed,* 20 *Ga. App.* 329 (93 S. E. 75) and cit.

2. A motion to continue was made on account of the absence of a witness. The judge overruled the motion, but "announced that he would have the witness there the next morning." It is not shown by the motion for a new trial that the trial of the case did not extend into the "next morning" and that the witness was not then in court, nor does it appear that any further motion as to the absence of this witness was made. If the witness was brought into court before the trial was ended he could have been sworn; if he was not in court, counsel for the defendant should have called the attention of the court to this fact and renewed his motion to continue.

3. The record shows that the indictment in this case was returned to the February term, 1921, and that the case was tried in January, 1923, during the "November adjourned term, 1922." A ground of the motion for a new trial alleges that the court erred in refusing to allow the attorney for the accused "time so that he could properly try the case, . . said attorney for the movant stating in his place as said attorney that he had just

been employed in the said case, and that he was not prepared to go on with said case, as he had not had time to study and prepare the said case for trial." "What time shall be allowed a defendant and his counsel to prepare for trial is a matter resting in the sound discretion of the trial judge, with which this court will not interfere, unless abused." *Ivey* v. *State,* 154 *Ga.* 63 (1), 65 (113 S. E. 175), and cit.; *Harris* v. *State,* 119 *Ga.* 114 (1), 116 (45 S. E. 974), and cit.; *Walker* v. *State,* 11 *Ga. App.* 251 (74 S. E. 1100).

4. In the state in which the record in this case reached this court, the court cannot say whether or not the complaint that the entire charge "did not fairly and impartially set out the real issues in the case" is well founded. In the bill of exceptions the charge of the trial judge was not specified "as necessary to a clear understanding of the errors complained of," and it was not sent up as a part of the record; and as there is nothing in the record to show that the charge was reduced to writing and is of file in the office of the clerk of the trial court, this court will not order it sent up under section 6149 (4) of the Civil Code of 1910. *Crawford* v. *State,* 19 *Ga. App.* 97 (90 S. E. 1043); *Perdue* v. *State,* 17 *Ga. App.* 299 (86 S. E. 661).

5. The 5th special ground of the motion for a new trial complains that counsel for plaintiff in error "made an oral request of the court to charge the entire law of the case," and that the request was refused. A new trial will not be ordered on this ground, because: (*a*) it is too general and indefinite; (*b*) it does not appear that the request was made before the judge began his charge to the jury; (*c*) there is no exception to the rule that the refusal of an oral request to charge is not ground for a motion for a new trial. *Shedden* v. *Stiles,* 121 *Ga.* 638 (2) (49 S. E. 719); Civil Code (1910), § 6084.

6. The alleged newly discovered evidence is merely cumulative and impeaching, and its only effect would be to impeach the witnesses for the State; and it is settled by a number of decisions of this court that, even "though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial

will not be granted." *Key* v. *State*, 21 *Ga. App.* 795 (95 S. E. 269), and cit.

7. The other allegations of error are without merit; there is sufficient evidence to support the verdict, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*