27247. SOUTHERN GROCERY STORES INC. v. SMITH.

DECIDED MARCH 11, 1939.

*Hirsch & Smith, A. S. Clay, E. D. Smith Jr., Howard B. Payne,* for plaintiff in error.

*A. S. Skelton, J. B. McGinty, J. T. Sisk,* contra.

MACINTYRE, J. The petition claimed damages for loss of time, expenses of medical and surgical treatment, permanent diminution in earning capacity caused by physical injuries, and mental and physical pain and suffering caused by such injuries arising out of an alleged tort. The only instructions which the judge gave to the jury relative to the kind of damage for which the action was brought were as follows:

"I charge you, further, damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened conscience of impartial jurors. General damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount. That means, gentlemen, as I stated, it leaves it to the enlightened conscience of an impartial jury. If you find damages were sustained

by the plaintiff *in this case,* he is *not compelled to prove any amount under the allegations alleged in the petition,* but it is left up to you what amount he may be compensated for any injuries he might have received. That is a matter for you under the law, if you should think he is entitled to any damages at all." (Italics ours.)

It is contended by the defendant in error that the judge under the above-quoted charge restricted or limited the application of the rule that the measure of damages was the enlightened conscience of impartial jurors to mental and physical pain and suffering caused by the injury. In *Southern Railway Co.* v. *Broughton,* 128 *Ga.* 814 (58 S. E. 470), the original record shows that the judge charged the jury in part as follows: "I charge you, gentlemen of the jury, that damages are given as compensation for the injury done and generally this is the measure where the injury is of a character capable of being estimated in money. If the injury be small or the mitigating circumstances strong, nominal damages only are given." Continuing in the same paragraph the judge charged on proximate cause, and then, still in the same paragraph, gave the following instruction: "I charge you further that in some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened consciences of impartial jurors." In that case the court said: "We find nothing in the charge which can be construed into an instruction that the rule given by the court to the jury, to the effect that the measurement of damages was the enlightened conscience of impartial jurors, is limited to the fixing of the amount of damages for pain and suffering." The court reversed the case on account of the charge. In *Central Railroad* v. *Senn,* supra, it was said, "The charge as given was calculated to mislead the jury, and induce them to believe that the whole case was thrown open to them, and that they had the right to fix the damages according to their enlightened consciences, without regard to the actual damages which were shown by the evidence."

The charge involved in the instant case did not give the jury proper and accurate rules for the different kinds of damages other than mental and physical pain and suffering. We think the judge committed reversible error when he failed to confine the application of the rule embraced in the above-quoted language in his charge, to wit: "In some torts the entire injury is to the peace, happiness,

or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened conscience of impartial jurors," to the damages resulting from mental and physical pain and suffering caused by the injury where the evidence supported some of the other kinds of alleged damages. The case sub judice is distinguishable from *City of Waycross* v. *Howard*, 42 *Ga. App.* 635 (157 S. E. 247), and *Georgia R. & Banking Co.* v. *Keating,* 99 *Ga.* 308 (25 S. E. 669).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*