## 29858. COWART *v.* McDARIS.

BROYLES, C. J. 1. "The question of the value of an article is peculiarly for the jury, and that body is not absolutely bound by the opinions or estimates of the witness on that subject." *Minchew* v. *Nahunta Lumber Co.,* 5 *Ga. App.* 154 (4) (62 S. E. 716) ; *Westberry* v. *Hand,* 19 *Ga. App.* 529, 530 (91 S. E. 930). "Jurors are not required to accept as correct the uncontradicted opinion or estimate of a witness as to the value of property, and may by their verdict place a lower value upon the property." *Westberry* v. *Hand,* supra; *Johnson* v. *Stevens,* 19 *Ga. App.* 192 (2) (91 S. E. 220), and cit.; *Georgia Northern Ry. Co.* v. *Battle,* 22 *Ga. App.* 665, 666 (97 S. E. 94). In *Lee* v. *Brandenburg,* 31 *Ga. App.* 794 (122 S. E. 247), this court held that where there was opinion testimony for the plaintiff in a trover case as to the rental value of the property and the plaintiff elected to take judgment for the property, together with rent or hire, the court erred in directing a verdict for the property, *together with rent or hire.*

2. In the bail-trover case under consideration the brief of evidence was made up solely of the following testimony of J. R. McDaris: "I am the plaintiff in this case. I loaned a mule to Mr. O. Cowart. It was my 'mule. He was to use it until in March. I demanded the mule back from him and he refused to surrender possession to me but kept possession. The mule is worth $75." The court directed a verdict for the plaintiff for $75. The general grounds of the motion for new trial are abandoned, and the only special ground assigns error on the judgment directing the verdict because "the question of the value of the property is a question exclusively for the jury and not for the court, and the evidence submitted is sufficient to authorize a verdict by the jury for an amount less than directed by the court." Under the rulings quoted in the first headnote the question of the value of the mule in-

volved in the instant case was peculiarly for the jury and the court erred in directing the verdict for the plaintiff. If the judge had not directed a verdict for $75, and if the jury had returned a verdict for a sum less than that amount, their authority for so doing could not be questioned.

Judgment reversed. MacIntyre and Gardner, JJ., concur.

DECIDED JANUARY 11, 1943.

*Alfred Herrington Jr.,* for plaintiff in error.
*Price & Spivey,* contra.