32352. SAPP *v.* HOWE.

*Decided February 26, 1949. Rehearing denied March 30, 1949.*

*Edward F. Taylor, Grady Gillon,* for plaintiff in error.
*David L. Mincey,* contra.

PARKER, J. B. Fred Howe sued D. W. Sapp in trover for a 1947 Studebaker truck, of the alleged value of $1750, and $250 attorney's fees as expenses of litigation. The plaintiff elected to take a money verdict, and the jury found for the plaintiff $1750

and attorney's fees of $200. The defendant moved for a new trial on both general and special grounds. The motion was overruled and the defendant excepted.

■ Ground 4 of the motion for new trial asserts that there is no competent evidence in the record which will support the verdict for $1750 as the value of the truck. There was evidence as to the general condition of the truck, its use and state of repair, what the plaintiff paid for it, the length of time the plaintiff had owned it, and the mileage he had put on it. Two witnesses who were apparently disinterested—one an automobile salesman and one the Studebaker dealer in the Macon area—testified as to the value of the truck. One of these witnesses estimated its value at $1750 and the other at $1755. The value or market price of an article may be shown by direct or circumstantial evidence, or both, and the question of the value of an article is peculiarly for the jury. The jury may consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge throwing light upon the question. *A. C. L. R. Co.* v *Harris,* 1 *Ga. App.* 667 (57 S. E. 1030); *Minchew* v. *Nahunta Lumber Co.,* 5 *Ga. App.* 154 (62 S. E. 716); *Westbury* v. *Hand,* 19 *Ga. App.* 529 (91 S. E. 930); *Ga. Northern Ry. Co.* v. *Battle,* 22 *Ga. App.* 665 (97 S. E. 94). This ground of the motion shows no error.

■ Grounds 5 and 6 complain of the charge that, if the plaintiff recovered in the case, he would be entitled to recover the highest proved value between the date of the alleged conversion and the trial, and because the court failed to charge that the highest proved value meant the highest proved market value. It is contended that it was error to omit the word "market" in the charge with respect to the value of the truck. Ordinarily the measure of damages where property has been converted is its market value at the time of its conversion. *Park* v. *Swann,* 20 *Ga. App.* 39 (92 S. E. 398). The Code, § 107-103, is as follows: "In estimating the value of personalty unlawfully detained the plaintiff may recover the highest amount which he shall prove between the time of the conversion and the trial." While it would have been more accurate for the court to have included the word "market," the charge complained of was in substance

the law as stated in the Code, and these grounds show no reversible error. The jury doubtless understood that the court was dealing with the market value of the truck, as the record shows that some of the questions propounded to the witnesses on the subject and their replies related to market value. See *Koplin v. Shartle Bros. Machine Co.,* 150 *Ga.* 509 (104 S. E. 217).

■ Error is assigned in ground 7 on the failure of the court to charge that the jury could not accept as absolutely binding the estimates of value placed on the truck in controversy. The defendant cites on this contention *Oxford* v. *Ellis,* 117 *Ga.* 817 (45 S. E. 67); *Elder* v. *Woodruff Hardware &c. Co.,* 16 *Ga. App.* 255 (85 S. E. 268), and the same case in 9 *Ga. App.* 484 (71 S. E. 806); and *Sappington* v. *Rimes,* 21 *Ga. App.* 810 (95 S. E. 316). The estimated value placed on the truck was only a part of the evidence tending to show the value of the truck. As stated in some of the cases relied on by the defendant, the highest proved value means the highest value which the jury, from a consideration of all of the proof, finds that the property was worth at any time between the conversion and the trial. While the estimates as to the value of the truck were not binding on the jury, they were a part of the evidence which could be considered on the question of value, and the court did not err in failing to charge as contended.

■ Grounds 8 and 9 complain of the verdict for attorney's fees based on the alleged bad faith of the defendant, and the charge of the court on that subject. The Code, § 20-1404, provides that the expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, *the jury may allow them.* This court said in *Patterson & Co.* v. *Peterson,* 15 *Ga. App.* 680, 684 (84 S. E. 163), after quoting the Code section, "We are of the opinion that the intent of the law, in the absence of a contract, is to leave the matter of expenses of litigation, in all such cases as those mentioned therein, solely to the jury trying the case." Under this construction we can not say that there was no sufficient evidence to authorize the verdict for attorney's fees and the charge of the court complained of. Although the defendant testified

otherwise, the witness for the plaintiff who delivered the truck to the defendant testified that he left it with the defendant to see if he could find a buyer for it; that he told the defendant that the plaintiff owned the truck and that he (the witness) would have to get in touch with the plaintiff later and have the trade approved if the defendant got a buyer for the truck; that later in the day the defendant told the witness he had sold the truck for $1200 and was charging $50 for selling it, and gave the witness a check for $1150; that the defendant said that $1200 was all he got out of the truck. It is admitted by the defendant that he sold the truck to another person for $1305, his contention being that before he sold the truck he had bought it from the witness at $1150 net to the witness. Whether or not bad faith must amount to fraud and deceit, as has been held in contract cases (*Smith* v. *Williams*, 117 *Ga.* 782, 45 S. E. 394, 97 Am. St. R. 220; *Lovell* v. *Frankum*, 145 *Ga.* 106, 88 S. E. 569), we do not decide because this is not a suit based on a contract.

■ Ground 10 alleges error in two paragraphs of the charge as follows: "With further reference to the contentions of the defendant Sapp, he contends that one N. V. Moore, either as partner or authorized agent of the plaintiff Howe, turned the described truck over to the defendant and pursuant to authority from that source, he, the defendant, sold the truck to a third party and delivered to N. C. Moore a check for the amount agreed to be paid. In the event you do determine that N. C. Moore was the partner of B. Fred Howe, or was the agent of B. Fred Howe, then you would give consideration to certain principles of agency.

"In the event N. C. Moore was duly authorized to sell the truck by the plaintiff Howe, then, of course, the defendant would be authorized to negotiate a sale with N. C. Moore, and such sale would not constitute a wrongful conversion. Furthermore, if N. C. Moore was authorized by the plaintiff to negotiate a sale of the truck but was given private instructions or limitations as to specific terms of such sale, as to the amount or the like, and the defendant had no knowledge of any such private instructions or limitations and had no reason, in the exercise of reasonable judgment and discretion, to question the authority of the agent, or to know or believe that Moore was without the necessary authority;

then and in that event, a sale consummated between Moore and Sapp would not as to Sapp constitute a wrongful conversion."

Ground 11 complains of the failure of the court "to charge the jury on partnership, and the right of a partner to sell property belonging to a partnership." There are a number of Code sections dealing with the general principles of partnership, and a number that deal with the rights and liabilities of partners among themselves, and still a greater number respecting the rights and liabilities of partners as to third persons. The assignments of error in these grounds do not point out just what principles of partnership law should have been charged other than as stated in ground 11, and this does not point out any particular Code provisions that should have been charged. It is not contended that the charge respecting agency was incorrect. It will be noted that the court charged that the defendant contended that he bought the car from Moore, either as a partner or as the authorized agent of the plaintiff, and then charged correctly on the subject of agency without saying more about partnership. One complaint is that the charge was erroneous because it mixed and confused the law relating to agency and partnership, and that different rules of law are applicable thereto. In the absence of a request by the defendant for a more complete charge on the subject of partnership, we cannot say that the charge was error. The defendant had the benefit of his contention that Moore was a partner of the plaintiff, and also of his contention that Moore was the agent of the plaintiff, and it seems to us that, if he desired a more complete charge respecting partnership, it should have been requested by him.

■ The final special ground complains of the failure of the court to charge the jury that the plaintiff must be the sole owner of the truck in controversy before he would be entitled to maintain an action of trover against the defendant. The plaintiff testified that he was the sole owner of the truck, and other testimony offered by him tended to show the same thing; and the court charged the jury that the gist of a trover action was conversion, and that the plaintiff would have to establish that he was the owner of the truck and had been deprived of its possession in a manner which amounted to conversion by the defendant before he would be entitled to recover. We think that the charge on the

question of ownership was sufficient and we find no error in this complaint.◻

◼ As ruled in dealing with grounds 4, 8, and 9, the evidence supported the verdict and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., concurs, and Felton, J., concurs in the judgment and specially as to division 5 of the opinion.*

FELTON J., concurring specially. Assuming that there was evidence authorizing the jury to find that there was a partnership as to the truck, the charge given was sufficient to cover the issues involved, in the absence of a request for further instructions. The court charged as follows: "In the event you do determine that N. C. Moore was the partner of B. Fred Howe, or was the agent of B. Fred Howe, then you would give consideration to certain principles of agency. In the event N. C. Moore was duly authorized to sell the truck by the plaintiff Howe, then, of course, the defendant would be authorized to negotiate a sale with N. C. Moore, and such sale would not constitute a wrongful conversion." The plaintiff in error contends that this charge was error, and that the failure to charge more fully on the law of partnership was error because, as he contends, if the truck had been partnership property, Moore could have sold it without authority from Howe. Neither assignment of error is meritorious, and if the case were to be reversed, the plaintiff in error would not get the instructions to the jury which he desires on another trial. The selling of trucks was not the business of the partnership, if there was a partnership and the truck was partnership property, and one partner cannot sell the assets of the partnership without the consent of the other or others except in the due course of business. 40 Am. Jur., Partnerships, § 180; L.R.A. 1918 A, 928. The charge stated the law applicable to the facts. If Moore sold the truck as agent for Howe, he had to have authority from Howe to do so. If the truck belonged to the partnership, Moore had to have authority from the partnership through both partners, which means that in such a case he was acting as agent of the partnership as principal, and the jury would not have had any instruction which would have benefited the plaintiff in error if the court had told them that, if Moore sold as a partner, the law of partnership applied rather than the law of agency.