34273. COWART *v.* McLARIN *et al.*

Decided November 21, 1952.

*Phillips, Johnson & Williams*, for plaintiff in error.
*McFarland & Cooper*, contra.

Felton, J. 1. On the trial of an action for damages to land caused by an alleged abatable nuisance—that of the defendant's damming a stream and flooding the plaintiffs' lands—the plaintiffs amended their petition to allege their measure of damages as the diminution in the rental value of the lands affected, after the court had overruled the defendant's demurrer to the petition at a prior term of the court, the ground of which was that other measures of damages alleged were not recoverable. The plaintiffs did not strike from the petition the measures of damages first alleged, which were inconsistent with the last measure alleged by amendment. The court submitted the case to the jury

on the theory of damages measured by the diminution in rental value, without exception or objection by either side. In such circumstances the plaintiffs' petition will be considered as having been amended by striking the original measures of damages alleged and as alleging that the only measure was the diminution in rental value.

2. The opinions of witnesses as to the rental value of the lands before they were flooded ranged from two to twenty-five dollars per acre. The verdict rendered was greatly in excess of the highest amount of twenty-five dollars per acre. The defendant filed a motion for a new trial on general and special grounds. Before the motion was acted on, the plaintiffs wrote off from the verdict all damages in excess of twenty-five dollars per acre, the amounts written off approximating 75% of the verdict. Since the evidence did not authorize the verdict for the greatly excessive amounts, and since the correct amount of damages could not be accurately and mathematically computed—the jury not being bound by the opinion of any witness—the writing off of the amounts by the plaintiff did not cure the error in the verdict. *Roddenberry Hardware Co.* v. *Merritt,* 17 *Ga. App.* 425 (4) (87 S. E. 681); *Buchanan* v. *Hieber,* 78 *Ga. App.* 434 (5) (50 S. E. 2d, 815); *Collins* v. *Strickland Bros.,* 21 *Ga. App.* 542 (5) (94 S. E. 1035); *Lee* v. *Bagwell,* 14 *Ga. App.* 699 (82 S. E. 49); *Daniel* v. *Bailey,* 118 *Ga.* 408 (2) (45 S. E. 379); *Seaboard Air Line Ry.* v. *Randolph,* 129 *Ga.* 796 (59 S. E. 1110); *Sammons* v. *Copeland,* 85 *Ga. App.* 318 (69 S. E. 2d, 617); *Cowart* v. *McDaris,* 68 *Ga. App.* 734 (1) (24 S. E. 2d, 68); *Graham* v. *Graham,* 137 *Ga.* 668 (2) (74 S. E. 426). Cases in which a part of a verdict was written off, but where the original verdict could not be said to be wrong as a matter of law, are not applicable.

3. The first special ground of the motion will not be passed on, as the error in the charge therein complained of will not likely occur on another trial.

4. The second, third and fourth special grounds of the motion are meritorious. In the absence of a prayer for general damages, a charge thereon is error. *Southern Railway Co.* v. *Black,* 57 *Ga. App.* 592 (6) (196 S. E. 291), and cases cited.

5. The fifth and sixth special grounds are meritorious.

Charges which authorized the jury to find such damages as in their enlightened consciences they believed to be true and just under the pleadings and facts and law of the case were error. *Southern Grocery Stores* v. *Smith,* 59 *Ga. App.* 631 (1) (1 S. E. 2d, 762).

6. The error complained of in the seventh special ground will not likely occur on another trial and will not be considered.

The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*