## 40471. SEYMOUR v. HOUSING AUTHORITY OF THE CITY OF DUBLIN.

PANNELL, Judge. 1. The only ground of the amendment to the motion for a new trial assigns error on the failure of the trial court "to charge the jury that the value of the property condemned was to be determined as of the time of taking or as of the time when the condemnor's right to take the property became complete, which was May 30, 1962." The trial court did, in a portion of his charge, instruct the jury, "you would have the right to take all of these circumstances into consideration as shown by the evidence in arriving at the fair and reasonable value of

Mr. Seymour's (condemnee) property at the time of taking." A ground of a motion for a new trial which complains that the court did not charge a certain proposition of law, which he should have given in charge, but which does not show that his attention was especially called to this question, or that a fuller or more particular charge on it than was given was requested, presents no issue upon which this court can pass. *Higgins v. Cherokee Railroad,* 73 Ga. 149 (1); *Knight v. Northey,* 21 Ga. App. 46 (4) (93 SE 535).

2. Assuming, but not deciding, that the opinion evidence of the witnesses for the condemnor as to the value of the condemned property had no probative value because none of the witnesses gave an opinion as of the time of taking, the finding by the jury, awarding the condemnee damages in the sum of $8,693 was authorized by the evidence even though this be less than any opinion as to value given by witnesses for the condemnee. The tax returns of the condemnee were admitted in evidence and showed that the condemnee in his return to the City of Dublin on February 9, 1962, made affidavit that the market value of the land and buildings condemned was $1,200 and on his return to the county on March 19, 1962, made affidavit that the market value of the property condemned was $300; that the property condemned and the neighborhood in which it was located were described by witnesses with great particularity, both as to its physical condition and its use, and the profits from the business of the owner conducted thereon. In addition, varying estimates of replacement value, or cost of replacement per square foot, were given by the various witnesses. The jury was authorized to take into consideration all of these factors in addition to the final opinion arrived at by a particular witness or witnesses. The evidence authorized the verdict. *Johnson v. Stevens,* 19 Ga. App. 192 (2) (91 SE 220); *West-berry v. Hand,* 19 Ga. App. 529 (2-b) (91 SE 930); *Georgia Northern R. Co. v. Battle,* 22 Ga. App. 665 (1) (97 SE 94); *Great American Co-Operative Fire Assn. v. Jenkins,* 11 Ga. App. 784, 785 (5) (76 SE 159).

3. The trial court did not err in overruling the condemnee's motion for a new trial.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED APRIL 24, 1964.

*Jones & Douglas, Paul J. Jones, Jr.,* for plaintiff in error.
*Wm. Malcolm Towson,* contra.