43857. G. E. C. CORPORATION et al. v. LEVY.

FELTON, Chief Judge. 1. The summary judgment in favor of the defendants, appellants here, was restricted by its terms to the issue of the claim of statutory lien; therefore, on the appeal from said judgment this court's review and affirmance of the judgment were likewise restricted to this issue. See *Levy v. G. E. C. Corp.,* 117 Ga. App. 673 (161 SE2d 339).

2. Although the prayer, in Count 1 of the complaint, for a statutory lien or, in the alternative, an equitable lien, was permissible (*Code Ann.* § 81A-108 (e) (2); Ga. L. 1966, pp. 609, 619, as amended), there is no basis for an equitable lien, the plaintiff not having timely pursued his statutory remedy or showed it to have been unavailable. *King v. Rutledge,* 208 Ga. 172, 175 (65 SE2d 801).

3. Although the claim in Count 1, for a joint and several general judgment for the reasonable value of architectural services rendered, would seem to be barred, under the holdings

in the cases of *King v. Rutledge,* supra, p. 174 and the cases cited therein, by the plaintiff's attempt to assert the statutory lien, the older case of *Dunning & Tuttle v. Stovall,* 30 Ga. 444, which must be followed, apparently authorizes a prayer for the common law, or general, judgment even though the claim of lien should fail. Such claim is not barred by its inconsistency with the claim for a lien. *Code Ann.* § 81A-108 (e) (2). Accordingly, said claim remains as an issue in the case and the court did not err in its judgment denying the defendants' motion to dismiss Count 1 of the complaint.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

ARGUED SEPTEMBER 3, 1968—DECIDED JANUARY 7, 1969—REHEARING DENIED JANUARY 21, 1969.

*Joseph S. Crespi, Clifford W. Milam,* for appellants.
*Heyman & Sizemore, Maurice N. Maloof, John V. Burch,* for appellee.