46875. G. E. C. CORPORATION et al. v. LEVY.

QUILLIAN, Judge. This is the third appearance of the instant case in this court. See *Levy v. G. E. C. Corp.,* 117 Ga. App. 673 (161 SE2d 339), and *G. E. C. Corp. v. Levy,* 119 Ga. App. 59 (166 SE2d 376). The plaintiff, Ted Levy, brought the action in Fulton Superior Court against G. E. C. Corporation and A. T. Ehlers. The complaint originally contained three counts. In the first count, the plain-

tiff sought to foreclose an architectural lien for the reasonable value of his services in the amount of $49,000, as well as $100,000 punitive damages, and $15,000 attorney's fees. In the second count, the plaintiff sought to recover $49,000 as damages, $100,000 as punitive damages, and $15,000 as attorney's fees for conversion of the plaintiff's architectural plans. In the third count, the plaintiff sought to recover $49,000 damages, $100,000 as punitive damages, and $15,000 attorney's fees for common law copyright infringement.

In the original appearance of this case in this court, it was held that the plaintiff's claim for lien was not timely filed. *Levy v. G. E. C. Corp.,* 117 Ga. App. 673, 677, supra. Subsequently, on motion for summary judgment, the plaintiff voluntarily dismissed Counts 2 and 3 of his complaint; however, the trial judge overruled the defendant's motion to dismiss Count 1. This ruling was affirmed by the Court of Appeals in *G. E. C. Corp. v. Levy,* 119 Ga. App. 59, supra, where it was held that the claim for a joint and several judgment for the reasonable value of architectural services rendered still remained even though the claim of lien failed. The defendants answered and filed a counterclaim seeking the recovery of $10,000 compensatory damages and $3,000 attorney's fees.

The case came on for trial before a judge and jury, at the conclusion of which the jury found against the defendants on their counterclaim and found in favor of the plaintiff in the amount of $20,000, plus $4,000 as attorney's fees.

The defendants filed a motion for new trial on the general grounds and by amendment added 19 special grounds (grounds 4-22). The trial judge overruled the motion for new trial and appeal was taken from that judgment. In this court the appellants enumerate as error the grounds of the motion for new trial and in enumerations of error 3-8 attack various instructions given to the jury which alleged error not included in the motion for new trial. In

their brief to this court enumeration of error 22 has been abandoned. *Held:*

1. Grounds 4, 7 and 20 raise basically the issue that the verdict was excessive and not supported by evidence. The copious evidence introduced was conflicting. The defendants offered proof showing that the plans were practically worthless, while the plaintiff showed what the reasonable value of his services would be worth.

In this connection the defendants urge the rule: "Where quantum meruit is an available remedy, 'value' means value to the owner rather than the cost of producing the result to the workman. It then becomes a jury question as to whether the owner has in fact been benefited by the work and, if so, to what extent." *Brumby v. Smith & Plaster Co. of Ga.,* 123 Ga. App. 443 (1) (181 SE2d 303). See *City of Gainesville v. Edwards,* 112 Ga. App. 672, 675 (145 SE2d 715). There was evidence that long after the defendants received the plans from the plaintiff he investigated and learned that the defendants were proceeding with construction; that the plans used to obtain the building permit coincided with the plaintiff's plans although the former had another's name on them; this was demonstrated by use of overlay of the plaintiff's plans on the plans actually used. Here the jury could have found that the defendants did utilize the plaintiff's services and drawings based on similarity of the plans that were used. Thus, the defendants would have benefited and could not contend that the plaintiff's plans were not of value to them within the meaning of the *Brumby* case, 123 Ga. App. 443, supra. "The true question in such cases, where there is no express contract, is, what is the ordinary and reasonable charge made for such services by members of similar standing in the same profession." *Marshall v. Bahnsen,* 1 Ga. App. 485, 486 (57 SE 1006); *Noble v. Hunt,* 95 Ga. App. 804, 806 (99 SE2d 345). See also 58 AmJur 551, Work and Labor, § 48; 98 CJS 821, Work and Labor, § 65 (b) (1). Plaintiff's testimony was that, based on the standard architect's fee, $48,600 was

the value of his services. The jury found for him in the amount of $20,000 which was not excessive as a matter of law. While recognizing from a review of this extensive record that the preponderance of evidence might lie with the defendants, on appeal we cannot hold that the verdict was without evidence to support it. Hence, grounds 4, 7 and 20 are without merit.

2. In grounds 8, 9, 10 and 11 of the motion for new trial, the defendant contends that the allowance of attorney's fees and the failure to give certain charges in that regard constituted error. The basis of these contentions is that any bad faith did not occur at the inception of a contract and that therefore attorney's fees would not be recoverable. Furthermore, it is pointed out that although the plaintiff sued for $49,000, the jury only awarded him $20,000. Thus, the rule is alleged to be applicable. "An award of attorney's fees . . . will not be granted where the defendant's liability as established by the fact-finding tribunal is substantially less than the amount sued for." *Simonton Constr. Co. v. Pope,* 95 Ga. App. 211 (3 c) (97 SE2d 590). See *Crump v. Ojay Spread Co.,* 87 Ga. App. 250, 252 (73 SE2d 331).

Of course, *Code* § 20-1404 does not allow recovery for mere refusal to pay as pointed out in an exhaustive discussion of this topic in *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106, 111 (115 SE2d 852), in which cases holding that such bad faith referred to only bad faith in the entering into of the contract were disapproved. The opinion pointed out that bad faith could occur at the inception or in carrying out the provisions or obligations of the contract, that where a party acted to avoid payment under the terms of a contract that such breach constituted the transaction out of which the cause of action arose within the meaning of *Code* § 20-1404.

In *Adams v. Cowart,* 224 Ga. 210, 215 (160 SE2d 805), the Supreme Court considered a question almost identical to that presented to this court. The court held: "The defendants point out that the judge directed that the jury find

against an injunction as to the use of one of the lots included in the prayers for injunction, and that the jury did not award any damages to the petitioners, and assert that these findings by the judge and jury show that they did not act in bad faith in resisting the action. The bad faith referred to in *Code* § 20-1404 pertains to the transaction out of which the cause of action arose rather than to the motive with which the defense is made. *Traders Ins. Co. v. Mann,* 118 Ga. 381 (7) (45 SE 426); *B-X Corp. v. Jeter,* 210 Ga. 250 (3) (78 SE2d 790); *Scott v. Dudley,* 214 Ga. 565 (4) (105 SE2d 752). In an action for injunctive relief and damages, where injunctive relief is granted, the failure of the jury to find damages would not prevent them from finding attorney's fees, where the evidence authorizes a determination that the defendants have acted in bad faith, been stubbornly litigious, or caused the petitioners unnecessary trouble and expense. See *B-X Corp. v. Jeter,* supra." Here, based on the plaintiff's theory of the case, the defendant sought, in bad faith, to avoid paying the plaintiff the reasonable value of his services or at least to pay only a nominal amount for such services. The wrongful act was not in refusing to pay a certain sum but in attempting to avoid paying the value of the plaintiff's services. Thus, as in *Adams v. Cowart,* 224 Ga. 210, supra, although the plaintiff did not recover all that he sought he did recover a substantial amount under the jury verdict. Upon a showing of bad faith, plaintiffs were therefore entitled to recovery of attorney's fees.

Defendant makes an additional contention that in showing the value of professional services, the plaintiff included work performed by his attorneys on the appeal to this court which the plaintiff lost. See *Levy v. G. E. C. Corp.,* 117 Ga. App. 673, supra. Any error in this regard would be harmless since the jury returned a verdict for less than one-third of the attorney's fees which the plaintiff sought.

3. Ground 5 complains that the plaintiff failed to comply

with a condition, that is that his plans were insufficient for obtaining a loan commitment. Whether preparation and delivery of the plans were conditioned upon approval by a lender was a subject of dispute. But even if it were conclusively established, the jury could have found that a loan was obtained by using a tracing of the plaintiff's plans.

4. Ground 6 complains of the failure to give a request to charge that said, in effect, that since the plaintiff did not reserve any interest in his plans then the defendant Ehlers could use them in any manner he saw fit as long as he was liable for a $500 fee.

The plaintiff's theory of recovery and his testimony was that the defendant would only be liable for a $500 fee if the project was abandoned, but that the defendant used his plans for the project and attempted to conceal the fact. The charge would have directed the jury to accept the defendant's version of the transaction.

Not being a correct charge, it was not error to fail to give it. *Wells v. Met. Life Ins. Co.*, 107 Ga. App. 826 (7) (131 SE2d 634).

5. Ground 12 which asserts error on the failure to charge the strict construction of the lien law is without merit. How lien laws are to be construed is for a court and not for a jury, and such issue was not relevant in this case.

6. In ground 13 it is asserted that the court erred in not allowing cross examination of the plaintiff concerning 6 liens to which the plaintiff was a party in other distinct and separate transactions which occurred in 1966 and 1967.

This ground is without merit. "In a controversy between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant." *Merchants Nat. Bank of Rome v. Greenwood*, 113 Ga. 306 (38 SE 826). See *Code* § 38-202, and *Canal Ins. Co. v. Winge Bros.*, 97 Ga. App. 782, 783 (104 SE2d 525).

7. Ground 14 complains of the refusal to give an instruction which was substantially covered in the charge. *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905); *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 226 (173 SE2d 416). Furthermore, a portion of the requested instruction stating that the defendant "would not have to offer proof on the wrongful filing of said claim" would be subject to misinterpretation by the jury. "A request to charge must be correct and even perfect; otherwise a refusal to give it is not error." *Bibb Transit Co. v. Johnson,* 107 Ga. App. 804 (2) (131 SE2d 631).

8. Grounds 15-17 complain of the refusal to give certain requests to charge. Each of the charges authorizes the jury to assess damage as they may see fit without any limitation. The requests are incorrect as a matter of law and the trial judge did not err in refusing to give them. *Southern Grocery Stores v. Smith,* 59 Ga. App. 631 (1) (1 SE2d 762); *Cowart v. McLarin,* 87 Ga. App. 253, 254 (73 SE2d 507). These are not such damages which are left to the enlightened conscience of impartial jurors. See for instance *Southern R. Co. v. Nappier,* 138 Ga. 31 (6) (74 SE 778); *Holcombe v. Jones,* 197 Ga. 825, 832 (30 SE2d 903).

9. (a) Enumerations of error 3-8 complain of certain instructions given in charge by the trial judge. Although given an opportunity to do so counsel for the defendant interposed no objection to these charges. Hence, under *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), these grounds raise no question for determination on appeal.

(b) This same ruling applies to grounds 18 and 19 of the motion for new trial. Furthermore, there were no written requests to give the charges, the failure of which is now assigned as error. *Clark v. State,* 30 Ga. App. 633 (5) (118 SE 596); *Parker & Co. v. Glenn,* 90 Ga. App. 500 (8) (83 SE2d 263); *Saxon v. Toland,* 114 Ga. App. 805 (1) (152 SE2d 702).

10. Ground 21 complains of a charge on fraud for 2 rea-

sons: (1) that there was no evidence of fraud at the inception of the contract between the plaintiff and the defendant; (2) that it did not include further instruction for the jury to consider whether the plaintiff's filing an illegal claim of lien against the defendant caused them any injuries or damages.

As we have pointed out the problem is not fraud in the inception but fraud in the transaction.

The defendant urges that he should have been entitled to the expenses of litigation and that the judge erred in failing to charge in this regard. As held in *Pitman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (3) (177 SE2d 167): "There was no error in overruling the defendant's counterclaim for expenses of litigation and in refusing to admit evidence as to the expenses. *Code* § 20-1404. A defendant, as against a plaintiff, cannot avail himself of the provisions of *Code* § 20-1404 (*King v. Pate,* 215 Ga. 593 (3) (112 SE2d 589))."

Ground 21 showed no error.

*Judgment affirmed. Pannell, J., concurs. Hall, P. J., concurs in the opinion and in the judgment in Headnote 2.*

Submitted February 1, 1972—Decided July 7, 1972.

*Joseph S. Crespi,* for appellant.

*Heyman & Sizemore, William H. Major, Thomas H. Nickerson,* for appellee.