### 51176. FORD MOTOR CREDIT COMPANY v. MOULDER et al.

PANNELL, Presiding Judge.

The facts of the present case are set forth in *Ford Motor Credit Co. v. Moulder,* 132 Ga. App. 867 (209 SE2d 685). Upon the trial of the case, the jury awarded plaintiffs $1,200 damages and $3,650 attorney fees. The defendant appeals the judgment, the denial of his motion for new trial, and the denial of his motion for judgment notwithstanding the verdict.

The evidence, considered in the light most favorable to the verdict, showed the following: Mr. Gravitt, a representative of Ford Motor Credit Company, called Mrs. Moulder in September, 1969. Mr. Gravitt informed Mrs. Moulder that insurance would have to be placed on the Moulder's automobile for the upcoming year in accordance with their installment contract. Mr. Gravitt told Mrs. Moulder that he could obtain the insurance through American Road and add the premium to her monthly payments on the car. Mrs. Moulder agreed to this arrangement and was told that a new coupon book would

be sent for the next year. She received a new coupon book shortly thereafter. The payments had been increased $1.10 per month.

The car was wrecked in September, 1970, and Mrs. Moulder called American Road to report the accident. She was then informed that no insurance had been placed on the car. She called Mr. Gravitt and was told that the car was supposed to be insured.

Mr. Gravitt denied having told plaintiff that he would obtain the insurance for the third year of the installment contract through American Road. He also denied having had any conversation with Mrs. Moulder after the accident.

1. The jury was authorized to find that appellant's representative told Mrs. Moulder that he would obtain insurance for appellee's automobile through American Road. Appellees relied on appellant's statement and assumed that the increase in monthly payments for the third year of the installment contract represented this insurance coverage. The jury was further authorized to find that appellant was negligent in failing to obtain the insurance coverage on appellee's automobile. As a result of appellant's negligence, appellees were damaged in the amount of $1,200. It follows that the evidence supported the award of $1,200 damages to appellees.

2. Appellant argues that there was no agreed upon consideration for the insurance coverage. We disagree. There was evidence that appellant's representative told appellees that the insurance coverage would be obtained through American Road and that the cost for such coverage would be included in their monthly payments. Appellees agreed to accept this coverage and to pay the increase in monthly payments for the cost of such coverage. The jury was authorized to find that this was an implied agreement to pay whatever the insurance cost. Appellees then relied on the promise of appellant that insurance would be obtained; they paid the increased payments believing that the increase represented the consideration for the insurance in accordance with their agreement with appellant's representative.

Appellant contends that the increase in payments ($1.10 per month) was inadequate consideration for the

claimed insurance coverage. "Mere inadequacy of consideration alone will not void a contract." See Code § 20-307. Further, the jury was authorized to find that appellant was responsible for billing appellees for the cost of the insurance; any failure to bill the "correct" cost was occasioned by appellant and not the appellees.

3. Appellant urges error in the court's allowing the issue of litigation expenses to be considered by the jury. The trial judge instructed the jury that they could award attorney fees as a part of plaintiff's damages if they found that the defendant had acted in bad faith, or had been stubbornly litigious, or had caused the plaintiff unnecessary trouble and expense by its negligence or inexcusable conduct. See Code § 20-1404.

This action was for damages based on the negligence of the defendant's agent in failing to carry out his agreement with the plaintiffs. *Ford Motor Credit Co. v. Moulder,* 132 Ga. App. 867, 868, supra. In returning a verdict in favor of the plaintiffs, the jury necessarily found that the defendant's agent did agree to obtain insurance coverage for appellees. Appellant's agent testified that he never agreed to procure insurance for appellees. The jury was authorized to find that he denied having made such an agreement in order to *avoid* paying the plaintiffs for the damages occasioned by his failure to carry out the agreement; and that appellant's denial of said agreement was made in bad faith. Upon such a showing of bad faith, appellees were entitled to recover attorney fees. See *G. E. C. Corp. v. Levy,* 126 Ga. App. 604 (2) (191 SE2d 461).

4. The remaining enumerations of error are either abandoned or are without merit.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED JANUARY 21, 1976 — REHEARING DENIED FEBRUARY 10, 1976.

*Levine, D'Alessio & Cohn, Sam F. Lowe, Jr., Morton P. Levine,* for appellant.

*Scheer & Elsner, Robert A. Elsner,* for appellees.