**WHITE, WELD & CO., INCORPORATED, Plaintiff-Appellee,**

v.

**Donald S. COWAN, Defendant-Appellant.**

No. 78–1729
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1978.

David N. Levine, Atlanta, Ga., for defendant-appellant.

Rogers & Hardin, Paul W. Stivers, C. B. Rogers, Atlanta, Ga., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Before CLARK, GEE and FAY, Circuit Judges.

PER CURIAM:

Defendant Donald S. Cowan appeals an award of attorneys' fees, neither complaining of nor questioning the trial court's other findings and rulings. These established, insofar as is pertinent here, that Cowan authorized plaintiff White, Weld & Co., his broker, to sell certain securities owned by him at market and it did so, confirming the sale to Cowan. By the time of the settlement date, however, Cowan repudiated the sale authorization to White, Weld, and refused to deliver the shares sold by it for his account. The trial court found that in so doing Cowan acted in bad faith. Notifying Cowan of its intent to do so, White, Weld purchased other shares to cover, sustaining damages which it recovered below along with the attorneys' fees which are the subject of this appeal.

The award of attorneys' fees is predicated on Section 20–1404 of the Georgia Code:

The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

Cowan argues that since a bona fide dispute existed about whether he initially authorized the sale, no award of attorneys' fees could properly be made under the statute. We view this consideration as going to the "stubbornly litigious" ground of Section 20–1404 only. Numerous Georgia cases indicate that bad faith is an independent ground for such an award, e. g., Ford Motor Credit Co. v. Moulder, 137 Ga.App. 527, 224 S.E.2d 435 (1976).

A better characterization of the issue would be that there was a bona fide controversy below about whether Cowan acted in bad faith. This was, upon ample evidence, resolved against him. Since this is so, and since bad faith is a sufficient ground for the award of attorneys' fees under the Georgia Code, that award must be affirmed.

White, Weld & Co. further asks this court to award expenses and fees incurred in defending this appeal. We remand to the district court to evaluate plaintiff's charge that the appeal "was taken solely for the purpose of further delaying White, Weld in recovering its losses incurred as a result of Mr. Cowan's bad faith in September, 1975," and to award such additional fees if appropriate.

AFFIRMED in part and REMANDED in part.